■ RAMON RODRIGUEZ et al., Appellants, v HAMADA ABDALLAH, Defendant, and JOSE CRUZ, Respondent. [858 NYS2d 169]—

Order, Supreme Court, New York County (Deborah A. Kaplan, J.), entered March 30, 2007, which granted defendants' motions for summary judgment dismissing the complaint on the ground that the injured plaintiff, a taxi driver who was the victim of a rear-end collision while his taxi was stopped at a red light, did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), unanimously affirmed, without costs.

The record evidence supports the motion court's determination that defendants established their entitlement to summary judgment as a matter of law. Defendants' experts—a neurologist, an orthopedic surgeon and a radiologist, each board certified—submitted affirmed, objective medical reports sufficient to disprove plaintiffs' claims of serious injury on the theories of permanent consequential limitation of use of body organ or member, significant limitation of the use of a body function or system, and the 90-out-of-180-day period of disability im-

mediately following injury. Plaintiffs' objective medical evidence—an affidavit by his treating physician, Dr. Melamed, a family practitioner—failed to raise a material issue of fact as to any of these theories (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]).

In particular, plaintiff failed to rebut defendants' objective medical proof that some $33^1/2$ months after the accident, the neurologist, after performing various tests on the injured plaintiff, found his neurological condition to be "essentially normal"; the orthopedic surgeon, after examination, found that any spinal injuries (sprains and strains) from the accident had healed and that disc bulges in the lumbar spine were degenerative and not traumatic; and that the radiologist, after review of an MRI taken less than two months after the accident, found no evidence of acute traumatic injury to the lumbar spine, that the disc bulges in the lumbar spine were "chronic and degenerative in origin," and that there was "no causal relationship between the claimant's alleged accident and the findings on the MRI examination." Specifically, Dr. Berkowitz, the radiologist, explained that she found "no evidence of acute traumatic injury to the lumbar spine such as vertebral fracture, asymmetry of the disc spaces, ligamentous tear or epidural hematoma."

Dr. Melamed stated in his affidavit that he treated the injured plaintiff's symptoms—pain, tenderness and spasms in the posterior cervical spine with highly restricted movement of the head and neck—for six months with physical therapy, chiropractic and acupuncture. He also alleged that he instructed this plaintiff to refrain from activities that caused discomfort, and the patient exercised his discretion by staying home from work for three months. Dr. Melamed's review of the MRI led him to conclude that the disc bulges were caused by the accident, not by the aging process; however, unlike Dr. Berkowitz, he offered no objective medical support for his opinion on this issue. Finally, Dr. Melamed stated that on the patient's last visit, approximately five weeks before he was examined by defendants' medical experts, he performed undisclosed range-of-motion tests in response to complaints of back pain with numbness and tingling aggravated by "pulling, pushing, stretching, cold and humidity." Dr. Melamed found a 30% restriction in the lumbosacral spine and a 15% restriction in the posterior cervical spine. He concluded, without detailing an objective basis for his assessment, that these conditions were caused by the injured plaintiff's accident, and that they would require physical therapy into the indefinite future, rendering the patient permanently disabled.

Plaintiffs' proof, therefore, was insufficient to establish a material issue of fact regarding an Insurance Law § 5102 (d) serious injury under any of the theories alleged. It failed to rebut defendants' doctors' conclusions as to the causation of the bulging disc condition or to objectively link it to the accident (*Carrasco v Mendez*, 4 NY3d 566 [2005]; *Montgomery v Pena*, 19 AD3d 288, 290 [2005]; *see also Otero v 971 Only U, Inc.*, 36 AD3d 430 [2007]). It failed to properly explicate the range-of-motion test results cited by disclosing the tests used and how the assessment was made (*see Toure*, 98 NY2d at 350). Thus, the evidence failed to sufficiently establish permanent consequential limitation of use of a body organ or member, or significant limitation of use of a body function or system. It also failed to establish a medically substantiated, nonpermanent impairment satisfying the 90-out-of-180-day category (*Cruz v Calabiza*, 226 AD2d 242 [1996]; *cf. Loesburg v Jovanovic*, 264 AD2d 301 [1999]), offering instead an apparently self-imposed absence, based upon the injured plaintiff's subjective complaints of pain and discomfort (*see Abrahamson v Premier Car Rental of Smithtown*, 261 AD2d 562 [1999]; *McLoyrd v Pennypacker*, 178 AD2d 227 [1991], *lv denied* 79 NY2d 754 [1992]; *Kimball v Baker*, 174 AD2d 925 [1991]). Concur—Tom, J.P., Williams, Catterson and Acosta, JJ. [*See* 2007 NY Slip Op 30441(U).]