■ In the Matter of MERYL BRODSKY et al., Appellants, v NEW YORK CITY CAMPAIGN FINANCE BOARD, Respondent. [869 NYS2d 508]—

Respondent's penalty determination was not arbitrary, capricious or contrary to law. Based on the information before it, respondent acted reasonably in concluding that petitioners failed to meet their burden of establishing that the postelection payments to petitioner Feinsot represented routine and nominal expenses necessary for compliance with the postelection audit,

and that the postelection payment to Staples for a 2005 holiday card mailing was a routine and nominal expense associated with winding up the campaign (*see* Administrative Code of City of NY § 3-710; 52 RCNY 5-03 [e] [2] [ii]). The timing and amounts of the payments to Feinsot, as well as petitioner Brodsky's testimony before respondent, are consistent with the conclusion that these were improper "bonus payments or gifts to staff or volunteers" paid out of leftover campaign funds (*id.*). Similarly, the evidence justified the Board's determination that the mailing expense was not actually for "a holiday card mailing to contributors, campaign volunteers, and staff" who had supported Brodsky's 2005 City Council campaign in particular (*id.*). Moreover, respondent's final determination on the obligation to repay unspent funds was not arbitrary, capricious or contrary to law because the findings that the postelection payments to Feinsot and the postelection Staples expense for the 2005 holiday mailing violated section 5-03 (e) (2) (ii) required respondent to exclude those expenditures from the disbursements side of petitioners' unspent funds calculation (*see e.g. Matter of Eisland v New York City Campaign Fin. Bd.*, 31 AD3d 259, 263 [2006]).

We also reject petitioners' contention that respondent failed to follow its own rules by issuing its penalty determination prior to its final payment obligation determination, thereby precluding petitioners from exercising their right to challenge the repayment obligation determination under 52 RCNY 5-02 (a). The final repayment obligation determination followed as a matter of law from the final penalty determination. Rather than refusing to follow its own rules, the Board's interpretation of section 5-02 (a) simply prevented petitioners from indirectly challenging the final penalty determination through a procedure reserved for review of a final repayment obligation determination.

There is no merit to petitioners' claim of denial of due process. The three Board members who issued the final penalty and final repayment obligation determinations did not have the July 12, 2006 Board meeting transcript available to them until after the determinations were issued, and only one of them had actually been present at that meeting. However, all three had an audiotaped recording of the meeting, and presumably listened to it before voting. In addition, the Board had before it all of the other materials submitted by petitioners in response to the numerous requests and inquiries made by respondent. These materials and the audiotaped recording were more than sufficient to enable the three Board members to make an informed decision (*see Matter of Joyce v Bruckman*, 257 App Div

795, 797-798 [1939], *appeal dismissed* 284 NY 736 [1940]). There is no reason here to probe the mental processes of the Board members to determine how they reviewed the record in reaching their conclusions (*Matter of Weekes v O'Connell*, 304 NY 259, 265 [1952]).

We have considered petitioners' remaining contentions and find them unavailing. Concur—Tom, J.P., Friedman, Gonzalez, McGuire and Acosta, JJ.