■ MILDRED DEJESUS, Respondent, v JULIO CRUZ et al., Appellants. [902 NYS2d 503]—

Order, Supreme Court, Bronx County (Alexander W. Hunter, Jr., J.), entered December 7, 2009, which, in an action for personal injuries sustained when plaintiff pedestrian was struck by an automobile driven by defendant Cruz and owned by defendant Marte, denied defendants' motion for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.

Defendants established their prima facie entitlement to summary judgment by submitting the report of their expert orthopedist, who, after examining plaintiff and reviewing her records, found that plaintiff had normal range of motion in her left knee and that there was no finding suggesting a traumatic injury due to the accident. The expert further opined that plaintiff demonstrated normal range of motion in her cervical spine, and, with the exception of lateral movement, normal range of motion in her lumbar spine. Moreover, defendants' expert neurologist reported that all of plaintiff's complaints regarding her left knee and spine were due to preexisting, degenerative conditions unrelated to the accident (*see Lopez v Abdul-Wahab*, 67 AD3d 598 [2009]).

In opposition, plaintiff proffered insufficient objective medical evidence contemporaneous with the accident to reveal significant range of motion limitations in her knee or spine resulting from the accident (*see Ali v Khan*, 50 AD3d 454 [2008]). This evidentiary requirement exists even where, as here, there has been surgery on the knee (*see Jean v Kabaya*, 63 AD3d 509, 510 [2009]). Furthermore, plaintiff's expert physician failed to address the findings of defendants' experts that plaintiff's knee and spinal conditions were due to preexisting, degenerative changes unrelated to any traumatic injury attributable to the accident (*see Colon v Tavares*, 60 AD3d 419 [2009]).

The record also presents no triable issue of fact as to whether plaintiff sustained a "serious injury" under the 90/180-day

prong of Insurance Law § 5102 (d). Plaintiff's claim that following the accident she was limited in her ability to perform her normal daily activities, is insufficient in the absence of objective medical evidence (*see Nelson v Distant*, 308 AD2d 338, 340 [2003]). Concur—Andrias, J.P., Catterson, Renwick, Richter and Román JJ.