■ ANA C. FELIZ, Appellant, v JOSEPH M. FRAGOSA et al., Respondents. [924 NYS2d 82]—

Judgment, Supreme Court, Bronx County (Edgar G. Walker, J.), entered October 28, 2010, dismissing the complaint and bringing up for review an order, same court and Justice, entered October 20, 2010, which granted defendants' motion for summary judgment on the ground that plaintiff did not sustain a "serious injury" within the meaning of Insurance Law § 5102 (d), unanimously affirmed, without costs. Appeal from the aforesaid order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Defendants established prima facie that plaintiff did not sustain a "permanent loss of use" or a "permanent consequential limitation of use" of the cervical and lumbar spines within the meaning of Insurance Law § 5102 (d). The affirmed reports of defendants' orthopedic experts stated that plaintiff had full range of motion of her cervical and lumbar spines both shortly after and two years after the accident (*see Franchini v Palmieri*, 1 NY3d 536, 537 [2003]; *see also DeJesus v Cruz*, 73 AD3d 539, 539 [2010]). The experts' failure to review plaintiff's MRI reports or medical records does not require denial of defendants' motion (*see Clemmer v Drah Cab Corp.*, 74 AD3d 660, 660-661 [2010]). Plaintiff improperly raises for the first time on appeal her argument that defendants' orthopedic reports are deficient because they cite different standards for normal range of motion and make different findings as to range of motion, and we decline to consider it (*see Alicea v Troy Trans, Inc.*, 60 AD3d 521, 521-522 [2009]). In any event, even if we were to consider it, we would reject it because the differences are not significant and both doctors concluded that plaintiff's range of motion was normal.

Defendants also established prima facie that any injury to the cervical spine was not caused by the accident by submitting the affirmed report of defendants' radiologist, who opined that the bulging discs in plaintiff's cervical spine were degenerative, consistent with plaintiff's age and the normal aging process, and not caused by plaintiff's accident (*see Pommells v Perez*, 4 NY3d 566, 579 [2005]; *Rodriguez v Abdallah*, 51 AD3d 590, 590-591 [2008]). The doctor's detailed non-conclusory explanation for his opinion was sufficient to shift the burden of proof on the issue of causation to plaintiff (*cf. June v Akhtar*, 62 AD3d 427, 428 [2009]).

In opposition, plaintiff failed to raise an issue of fact. The affirmation of plaintiff's radiologist contained no conclusion as to causation, and thus failed to rebut defendants' radiologist's conclusion as to the causation of the bulging discs (*see Pommells*, 4 NY3d at 580; *Rodriguez*, 51 AD3d at 592). In addition, the orthopedic report submitted by plaintiff was insufficient to refute the range-of-motion findings of defendants' orthopedist, since he never examined her and, although a physician at the facility where plaintiff received treatment, failed to provide the medical records on which he based his conclusions (*see Euvino v Rauchbauer*, 71 AD3d 820, 820 [2010], *lv denied* 15 NY3d 713 [2010]; *see also Bandoian v Bernstein*, 254 AD2d 205, 205 [1998]). Plaintiff also failed to submit any evidence of current limitations in range of motion (*see Nagbe v Minigreen Hacking Group*, 22 AD3d 326, 326-327 [2005]).

On appeal, plaintiff has failed to address her fracture or 90/180-day claims. Nor does she assert any serious injury with respect to any body part other than her cervical and lumbar spines. Concur—Andrias, J.P., Sweeny, Moskowitz, Renwick and Richter, JJ.