■ REBECCA ANDERSON et al., Respondents, v SERGIO ZAPATA, Appellant. [930 NYS2d 564]—

Defendant's orthopedist found no limitations of motion regarding plaintiff Rebecca Anderson. Although defendant's neurologist found that she had limitations in 2010, there is no objective evidence to support a cervical injury (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 353 [2002]). Any alleged injuries to her knees were shown to be the result of a preexisting degenerative condition, which was confirmed, rather than refuted, by her radiologist (*see Valentin v Pomilla*, 59 AD3d 184 [2009]). Moreover, the failure to perform any range of motion testing contemporaneous with the accident eight years earlier renders any attempt to connect her present day injuries to the 2002 accident speculative (*see Batts v Medical Express Ambulance Corp.*, 49 AD3d 294, 295 [2008]).

Defendant satisfied his initial burden of establishing, prima facie, the absence of any triable questions of fact so as to entitle him to judgment as a matter of law as to plaintiffs Strawberry and Mychal Isaac by submitting the affirmed reports of an orthopedic surgeon and a neurologist (*see DeJesus v Paulino*, 61 AD3d 605 [2009]). The differences between the standards for normal ranges of motion cited by defendant's orthopedic and neurologic reports are not significant. Both doctors concluded that plaintiffs Strawberry and Mychal Isaac had normal ranges of motion, and the minor differences in what they regarded as normal ranges do not affect defendant's entitlement to summary judgment (*see Feliz v Fragosa*, 85 AD3d 417 [2011]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Gonzalez, P.J., Andrias, Saxe and Sweeny, JJ.