■ ELAINE Y. OVALLES, Appellant, v MARIO A. HERRERA et al., Respondents. [934 NYS2d 17]—

Defendants established their entitlement to judgment as a matter of law. Defendants submitted, inter alia, the affirmed reports of a neurologist and an orthopedist, who examined plaintiff and concluded that she had normal ranges of motion in her lumbar and cervical spine. To the extent the findings of the experts differed, such differences were not so significant as to affect defendants' entitlement to summary judgment (*see Feliz v Fragosa*, 85 AD3d 417 [2011]).

In opposition, plaintiff did not raise a triable issue of fact. She failed to present any competent medical evidence contemporaneous to the time of the accident showing limitations in the range of motion in her lumbar and cervical spine (*see Rubencamp v Arrow Exterminating Co., Inc.*, 79 AD3d 509 [2010]). Nor did she present any explanation for the absence of such records. The only objective evidence of limitation of motion is contained in a report of a physician who examined plaintiff several years after the accident. This finding is "too remote to raise an issue of fact as to whether the limitations were caused by the accident" (*Lopez v Simpson*, 39 AD3d 420, 421 [2007]).

Dismissal of plaintiff's claim under the 90/180-day category of Insurance Law § 5102 (d) was also warranted. Defendants submitted plaintiff's testimony that she only missed two or three days of work as a result of the accident (*see De La Cruz v Hernandez*, 84 AD3d 652 [2011]; *Canelo v Genolg Tr., Inc.*, 82 AD3d 584 [2011]). In opposition, plaintiff failed to raise a triable issue of fact.

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Andrias, Friedman, Catterson and Freedman, JJ.