■ ALTHEA GIBBS et al., Respondents, v ANDRE O. REID et al., Appellants. [942 NYS2d 355]—Order, Supreme Court, Bronx County (Mary Ann Brigantti-Hughes, J.), entered March 24, 2011, which, insofar as appealed from as limited by the briefs, denied defendants' motions for summary judgment dismissing the complaint on the ground that plaintiffs did not suffer a serious injury within the meaning of Insurance Law § 5102 (d), unanimously reversed, on the law, without costs, and the motions granted. The Clerk is directed to enter judgment in defendants' favor dismissing the complaint.

Defendants established prima facie that the infant Monique Gibbs's alleged cervical spine injury and plaintiff Sabrina Stewart's alleged cervical and lumbar spine injuries did not constitute serious injuries within the meaning of Insurance Law § 5102 (d), by submitting affirmations by multiple experts reporting a full range of motion in all planes (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350, 353 [2002]). Any discrepancies in the experts' stated normal values for certain ranges of motion are insignificant, especially since a full range of motion was demonstrated in every plane (*see Ovalles v Herrera*, 89

AD3d 636 [2011]; *Anderson v Zapata,* 88 AD3d 504 [2011]). Moreover, defendants also submitted the affirmations of a radiologist who opined that Gibbs's bulging lumbar disc was degenerative in origin and that Stewart's cervical spine showed no herniations or bulges.

Plaintiffs failed to raise any issue of fact because none of their evidence was submitted in admissible form. Their chiropractor affirmed his reports, but chiropractors are not among those whose affirmations have the same force and effect as affidavits (*see* CPLR 2106). Concur—Tom, J.P., Friedman, Catterson, Acosta and Freedman, JJ.