Order, Supreme Court, New York County (George J. Silver, J.), entered December 14, 2011, which granted defendant’s motion for summary judgment dismissing the complaint based on the failure to establish a serious injury pursuant to Insurance Law § 5102 (d), unanimously affirmed, without costs.
Defendant established his entitlement to judgment as a matter of law dismissing plaintiffs claims pursuant to Insurance Law § 5102 (d) by submitting, inter alia, affirmed reports of a neurologist and an orthopedist who opined that plaintiff had no residuals from his recent back surgery, and no deficits in his range-of-motion testing (see Spencer v Golden Eagle, Inc., 82 AD3d 589, 590-591 [1st Dept 2011]). The experts’ use of slightly different normal values in performing one diagnostic test was too minor to be considered significant (see Anderson v Zapata, 88 AD3d 504 [1st Dept 2011]; Feliz v Fragosa, 85 AD3d 417, 418 [1st Dept 2011]). Moreover, the finding by one of defendant’s physicians of a minor limitation in one plane of range of motion in plaintiff’s lumbar spine was “ ‘insignificant for purposes of Insurance Law § 5102 (d)’ ” (see Vega v MTA Bus Co., 96 AD3d 506, 507 [1st Dept 2012], quoting Rosa-Diaz v Maria Auto Corp., 79 AD3d 463, 464 [1st Dept 2010]). Nor were defendant’s physicians required to review plaintiffs medical records, since they detailed the specific tests they used in their personal examination of plaintiff, which revealed full range of motion (see Fuentes v Sanchez, 91 AD3d 418, 419 [1st Dept 2012]; Zhijian Yang v Alston, 73 AD3d 562 [1st Dept 2010]).
In opposition, plaintiff failed to raise an issue of fact as to permanent limitations resulting from his claimed lumbar spine injury. His physicians did not tender any recent quantified range-of-motion measurements to demonstrate any limitations he may have had from his herniated discs, or following his second back surgery (see Madera v Gressey, 84 AD3d 460 [1st Dept 2011]), and failed to render a “qualitative assessment of *540 plaintiffs limitations” (see Toure v Avis Rent A Car Sys., 98 NY2d 345, 350, 353 [2002]). Plaintiff presented no recent reports on his medical condition to refute the defense experts’ findings that he had recovered (see Vega, 96 AD3d at 507; Martinez v Goldmag Hacking Corp., 95 AD3d 682, 683 [1st Dept 2012]).
Moreover, while plaintiff’s physician concluded that his preexisting condition was aggravated by the subject motor vehicle accident, he failed to provide any basis for determining the extent of any exacerbation of plaintiffs prior injuries (see Suarez v Abe, 4 AD3d 288 [1st Dept 2004]; and see Dorrian v Cantalicio, 101 AD3d 578 [1st Dept 2012]).
The three-month period plaintiff alleged he lost from work was not substantiated by any documentation from his employer or medical documentation of his inability to perform his usual daily tasks. Therefore, plaintiff failed to satisfy the 90/180-day category (see Winters v Cruz, 90 AD3d 412, 413 [1st Dept 2011]). Concur—Andrias, J.P., Saxe, DeGrasse, Abdus-Salaam and Feinman, JJ.