■ In the Matter of MERYL BRODSKY et al., Appellants, v NEW YORK CITY CAMPAIGN FINANCE BOARD, Respondent, et al., Garnishee. [— NYS2d —]—

Order and judgment (one paper), Supreme Court, New York County (Eileen A. Rakower, J.), entered July 16, 2010, which, to the extent appealed from as limited by the briefs, in a turnover proceeding pursuant to CPLR 5225 (b), directed the sale of

stock held by petitioner judgment debtor Meryl Brodsky, unanimously affirmed, without costs.

The turnover proceedings at issue on this appeal arise from an audit completed by respondent New York City Campaign Finance Board determining that petitioners were required to return $35,415 following the 2005 primary election. Petitioner Meryl Brodsky was a candidate for New York City Council in the election, and formed an election committee, petitioner "Elect Meryl Brodsky to the City Council 2005" (committee). That committee participated in respondent's public financing matching funds program. At the end of the campaign, respondent conducted an audit of the committee and determined that the committee needed to return $35,415.

Petitioners filed the underlying CPLR article 78 petition challenging respondent's determination as arbitrary and capricious and arguing that the committee's treasurer, petitioner Feisnot, was not personally liable for any repayments to respondent. In an order entered on or about June 27, 2007, the court denied the petition to set aside respondent's determination and ordered petitioners Brodsky and committee to repay respondent. The court, however, found petitioner Feisnot was not personally liable for the repayment. Petitioners appealed to this Court and we affirmed (57 AD3d 449 [1st Dept 2008]).

Petitioners Brodsky and committee then returned $26,010 of the requested funds. However, when petitioners failed to repay the remaining amount, respondent, by an order to show cause, moved pursuant to CPLR 5225 (b) for an order directing a garnishee, Computershare, to sell sufficient shares of Exxon-Mobil owned by Brodsky to pay the remaining $13,290.40.* On July 16, 2010, the motion court granted the order, requiring Computershare to sell a sufficient number of Brodsky's shares to satisfy the judgment. On appeal, Brodsky contends that she, as the candidate, is not personally liable for the repayment of campaign funds (see New York City Campaign Fin. Bd. v Ortiz, 38 AD3d 75, 77 [1st Dept 2006]).

An issue raised for the first time on appeal is unpreserved for review and this Court has the discretion to decline to consider the issue (Stryker v Stelmak, 69 AD3d 454, 455 [1st Dept 2010]). As the issue of Brodsky's personal liability is raised for the first time on appeal, it is unpreserved for review (see Feliz v Fragosa, 85 AD3d 417, 418 [1st Dept 2011]).

Further, even if properly before this Court, Brodsky would still be barred from asserting this defense. Under the doctrine

---

* This amount includes interests and fees as calculated by defendant.

of law of the case, "[a]n appellate court's resolution of an issue on a prior appeal constitutes the law of the case and is binding on the Supreme Court, as well as on the appellate court" (*Board of Mgrs. of the 25 Charles St. Condominium v Seligson*, 106 AD3d 130, 135 [1st Dept 2013] [internal quotation marks omitted]).

Here, Brodsky contends that the issue of her personal liability was never explicitly decided in the June 27, 2007 order and therefore the doctrine of law of the case does not apply. Brodsky's argument is without merit. In the first appeal, we affirmed the motion court's determination that Brodsky and the committee had to repay respondent the requested amount. Although Brodsky did not explicitly argue that she could not be held personally responsible, she could have raised this claim in the first appeal and failed to do so. Indeed, in her original article 78 petition Brodsky concedes that both she and the committee are liable for the return of the campaign funds.

We have considered petitioners' remaining arguments and find them unavailing. Concur—Friedman, J.P., DeGrasse, Richter and Clark, JJ.