Order, Supreme Court, Bronx County (Lucindo Suarez, J„), entered on or about March 29, 2012, which, to the extent appealed from as limited by defendant’s brief, denied defendant’s motion for summary judgment dismissing the complaint based on plaintiff’s failure to demonstrate that he suffered serious injury under the “significant limitation of use” and “permanent consequential limitation of use” categories, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint.
Defendant made a prima facie showing that plaintiff did not suffer a serious injury as a result of the subject motor vehicle accident. Defendant submitted, among other things, the affirmed report of his orthopedist who opined that plaintiff had no deficits in range of motion in any of the body parts claimed to have been injured in the subject accident, and the affirmed report of a radiologist who opined that the MRI films of plaintiffs cervical spine, right knee and lumbar spine showed only chronic and degenerative conditions predating the accident (see Mitrotti v Elia, 91 AD3d 449, 449-450 [1st Dept 2012]).
In opposition, plaintiff failed to raise an issue of fact as to causation. Flaintiff submitted an affirmed report from a physician who examined him once four years after the subject accident and acknowledged that plaintiff had preexisting arthritic *436 conditions in each of the body parts claimed to have been injured. While the physician opined that his preexisting conditions were aggravated by the subject motor vehicle accident, he “failed to provide any basis for determining the extent of any exacerbation of plaintiff’s prior injuries” (Brand v Evangelista, 103 AD3d 539, 540 [1st Dept 2013]; see also Dorrian v Cantalicio, 101 AD3d 578 [1st Dept 2012]). Moreover, the physician failed to explain the inconsistencies between plaintiffs treating physician’s findings of improved range of motion within four months of the accident and his present findings of deficits (see Santos v Perez, 107 AD3d 572 [1st Dept 2013]). Concur — Tom, J.E, Friedman, Renwick, Feinman and Clark, JJ.