■ MAUREEN KENDIG, Appellant, v ALANNA KENDIG, Respondent. [981 NYS2d 411]—

Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered October 5, 2012, which granted defendant's motion for summary judgment dismissing the complaint based on plaintiff's failure to demonstrate that she suffered a serious injury within the meaning of Insurance Law § 5102 (d), unanimously affirmed, without costs.

Plaintiff claims to have suffered cervical and lumbar spine disc injuries and bilateral carpal tunnel syndrome, as a result of an accident in which she was a passenger in a car driven by her daughter.

Defendant made a prima facie showing that plaintiff, who was 61 years old at the time of the accident, did not suffer a serious injury as a result of the motor vehicle accident. Defendant's orthopedic expert found no deficits in range of motion of the claimed injured body parts, and opined that the conditions shown in the MRI reports of the lumbar and cervical spine were preexisting degenerative conditions unrelated to trauma. Defendant's radiologist opined that the MRI films of plaintiff's cervical spine showed only chronic and degenerative conditions predating the accident (*see Nova v Fontanez*, 112 AD3d 435 [1st Dept 2013]; *Mitrotti v Elia*, 91 AD3d 449 [1st Dept 2012]).

In opposition, plaintiff failed to raise an issue of fact. She submitted a favorable disability decision by an Attorney Advisor for the Social Security Administration who confirmed that plaintiff suffered from degenerative disc disease of the cervical and lumbar spine. Her treating neurologist's report failed to address defendant's prima facie showing that her cervical and lumbar spine conditions were degenerative, preexisting and arthritic (*see Nova*, 112 AD3d at 436). The report noted clinical findings consistent with an "exacerbation of multilevel cervical and lumbar disc bulges and protrusion" but provided no basis for determining the extent of any such exacerbation (*see Brand v Evangelista*, 103 AD3d 539, 540 [1st Dept 2013]; *Nova*, 112 AD3d at 436).

Plaintiff failed to produce objective medical evidence of her claimed wrist injuries in admissible form. In any event, her medical submissions showed only "mild" neuropathy in the period following the accident, and did not provide objective evidence of the extent and duration of any alleged resulting physical limitations (*see Jacobs v Slaght*, 47 AD3d 679, 680 [2d Dept 2008]). Later medical records submitted by plaintiff demonstrated that she exhibited full strength and sensation in both wrists at various times after the accident, and her neurologist failed to address the inconsistencies of these findings (*see Dorrian v Cantalicio*, 101 AD3d 578 [1st Dept 2012]).

In view of defendant's showing as to causation, we need not address plaintiff's arguments in support of her 90/180-day claim. Concur—Mazzarelli, J.P., Sweeny, Renwick, Freedman and Gische, JJ.