■ CRUSH BOONE, Appellant, v ELIZABETH TAXI, INC., et al., Respondents. [986 NYS2d 62]—

Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered March 7, 2013, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff alleged in his bill of particulars that, as a result of an accident in which he was thrown from his bicycle after being hit by defendants' taxi, he suffered cervical spine injury, and that he complained of neck and bilateral wrist pain after the ac-

cident, but that X rays taken at the time "apparently were negative." Plaintiff alleged, inter alia, injury under the permanent consequential limitations of use and 90/180-day categories of Insurance Law § 5102 (d).

Defendants met their prima facie burden of demonstrating the absence of permanent consequential limitations of use injuries by submitting, inter alia, affirmed expert medical reports finding full range of motion in the cervical spine and wrists, negative test results and no objective evidence of permanent injury in plaintiff's cervical spine or wrists (*see Kone v Rodriguez*, 107 AD3d 537 [1st Dept 2013]). Defendants also submitted a report by their radiologist opining that plaintiff's claimed cervical spine injuries were chronic and degenerative, and not causally related to the subject accident (*see Nova v Fontanez*, 112 AD3d 435 [1st Dept 2013]).

In opposition, plaintiff failed to offer evidence of permanent consequential limitations of use of his cervical spine or wrists caused by the accident (*see Vasquez v Almanzar*, 107 AD3d 538, 539 [1st Dept 2013]). Instead, plaintiff raised for the first time a new serious injury claim under Insurance Law § 5102 (d), namely, that he sustained a fracture in his left wrist. In support, he offered the affirmation of a radiologist, which, contrary to the motion court's determination, was in sufficient compliance with the requirements of CPLR 2106 (*see e.g. Dennis v New York City Tr. Auth.*, 84 AD3d 579 [1st Dept 2011]). The radiologist had recently reviewed the post-accident left-wrist MRI and averred that it showed a nondisplaced fracture of the scaphoid. However, it was error for the court to consider this new serious injury claim, since plaintiff did not plead a fracture injury in the bill of particulars (*see Christopher V. v James A. Leasing, Inc.*, 115 AD3d 462 [1st Dept 2014]; *Marte v New York City Tr. Auth.*, 59 AD3d 398 [2d Dept 2009]). Consideration of the new claim is especially inappropriate since there is no evidence that any of plaintiff's treating physicians ever diagnosed a left-wrist fracture, the radiologist who initially reviewed the left wrist MRI for plaintiff found no evidence of fracture, and plaintiff's new claim contradicts the allegations set forth in the verified bill of particulars and his deposition testimony.

Defendants also met their prima facie burden with respect to plaintiff's 90/180-day claim by submitting plaintiff's deposition testimony in which he claimed that he was only confined to his bed and home for a month after the subject accident (*see Komina v Gil*, 107 AD3d 596, 597 [1st Dept 2013]). In opposition, plaintiff failed to submit competent medical evidence contradicting this testimony and, furthermore, his submissions

failed to address defendants' showing that his cervical spine injuries were degenerative and preexisting (*see Nova*, 112 AD3d at 436; *Bravo v Martinez*, 105 AD3d 458, 459 [1st Dept 2013]). Concur—Sweeny, J.P., Renwick, Saxe, Freedman and Richter, JJ.