22-1824-cv
*Brodsky v. N.Y.C. Campaign Fin. Bd.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of May, two thousand twenty-three.

PRESENT:     Rosemary S. Pooler,
             Richard C. Wesley,
             Steven J. Menashi,
                  *Circuit Judges.*

_____

MERYL BRODSKY,

     *Plaintiff-Appellant,*

    v.                                     No. 22-1824-cv

THE NEW YORK CITY CAMPAIGN FINANCE BOARD, JAMES E. JOHNSON, NEW YORK CITY CORPORATION COUNSEL, NEW YORK CITY SHERIFF (NON-PARTY),

     *Defendant-Appellee.*

_____

*For Plaintiff-Appellant:*                Meryl Brodsky, *pro se*, New York, NY.

*For Defendant-Appellee:*            Jane L. Gordon, MacKenzie Fillow, *for* Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Ramos, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Appellant Meryl Brodsky ran unsuccessfully for a seat on the New York City Council in 2005. Her campaign received money from a city matching program. Following her loss in the primary, the New York City Campaign Finance Board determined that Brodsky was required to repay $35,415 in public campaign funds. Brodsky brought an Article 78 proceeding challenging the determination of the Board but lost. *Brodsky v. N.Y.C. Campaign Fin. Bd.*, No. 0118316/2006, 2007 WL 2176918 (N.Y. Sup. Ct. June 21, 2007). The Appellate Division, First Department, upheld the decision on appeal. *Matter of Brodsky v. N.Y.C. Campaign Fin. Bd.*, 57 A.D.3d 449 (1st Dep't 2008). Brodsky returned only $26,010 of the funds and refused to repay the rest; as a result, the New York Supreme Court directed a garnishee to sell shares of Brodsky's stock to pay the remaining sum. The First Department of the New York State Appellate Division affirmed the order. *Matter of Brodsky v. N.Y.C. Campaign Fin. Bd.*, 107 A.D.3d 544 (1st Dep't 2013).

Brodsky has filed two prior *pro se* federal lawsuits arising out of these events. In the first, which she brought in 2015, she sued the Board and the New York City Corporation Counsel, alleging that the Board had violated her constitutional rights, federal criminal law, section 6103 of the Internal Revenue Code, and state and local law by disseminating her tax information during the

state court proceedings. The district court dismissed the case on the grounds that Brodsky's section 1983 claims were time-barred, her section 6103 claim failed to state a cognizable claim, and the remaining claims were not a recognized personal cause of action. *Brodsky v. Carter* (*Brodsky I*), No. 15-CV-3469, 2015 WL 13746671, at *9-13 (S.D.N.Y. Dec. 15, 2015). This court affirmed the judgment, in part because Brodsky had failed to state a claim and in part because the district court lacked jurisdiction under the *Rooker-Feldman* doctrine to hear her section 1983 claims. *Brodsky v. Carter* (*Brodsky II*), 673 F. App'x 42, 43-44 (2d Cir. 2016).

Brodsky returned to federal court in 2017, suing the same defendants and bringing nearly identical claims. The district court ruled that *res judicata* barred relitigation of her tax claims and declined to exercise supplemental jurisdiction over her state law claims. *Brodsky v. Campaign Fin. Bd.* (*Brodsky III*), No. 17-CV-3186, 2018 WL 3910825, at *2 (S.D.N.Y. Aug. 15, 2018). This court again affirmed, concluding that the application of *res judicata* was proper because *Brodsky I* "involved an adjudication on the merits," both lawsuits had named the same parties or those in privity, and the latest claims either were raised or could have been raised in *Brodsky I. See Brodsky v. N.Y.C. Campaign Fin. Bd.* (*Brodsky IV*), 796 F. App'x 1, 6 (2d Cir. 2019).

Brodsky initiated this lawsuit in 2021 by again suing *pro se* substantially the same defendants. She alleged violations of sections 6103 and 7431 of the Internal Revenue Code for the "illegal dissemination" of her tax returns, and she included a new "fraud on the court" claim pursuant to Federal Rule of Civil Procedure 60(d). Brodsky alleged that Board lawyers falsified the amount of money her election committee had spent, that the state court judge knowingly incorporated those falsifications into her judgment, and that the defendants and the court had conspired to perform abusive discovery. Brodsky sought money damages related to her garnishment, an amendment to the "Campaign Finance Summary" indicating the amounts due at litigation, a possible amendment or reversal of the state court judgment, the expungement of her lien at the New York City Sheriff's Office, and any pre- or post-judgment interest and costs. *See* Complaint at 24-25,

3

*Brodsky v. N.Y.C. Campaign Fin. Bd.*, No. 1:21-CV-05004 (S.D.N.Y. June 7, 2021), ECF. No. 1.

The district court decided that *res judicata* barred her tax claims. The district court also decided that it lacked jurisdiction over her fraud-on-the-court claim pursuant to the *Rooker-Feldman* doctrine and that *res judicata* would bar the claim nonetheless. *Brodsky v. N.Y.C. Campaign Fin. Bd.* (*Brodsky V*), No. 21-CV-5004, 2022 WL 2819090, at *3-8 (S.D.N.Y. July 19, 2022). Brodsky now appeals the decision of the district court. We agree with the district court that Brodsky's claims are barred by *res judicata*. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

**I**

We review *de novo* a district court's dismissal on the ground of *res judicata*. *Soules v. Conn. Dep't of Emergency Servs. & Pub. Protection*, 882 F.3d 52, 55 (2d Cir. 2018). *Res judicata* bars relitigation if "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Id.* (*quoting Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000)). "Where all requirements are met, *res judicata* can act as a bar to virtually any sort of claim." *Monahan*, 214 F.3d at 290.

Here, with regard to the tax claims, all the conditions are met. Indeed, we have already recognized in affirming *Brodsky III* that *Brodsky I* should be given preclusive effect. *See Brodsky IV*, 796 F. App'x at 6.

First, *Brodsky I* disposed of Brodsky's tax claims on the merits because a "dismissal for failure to state a claim is a final judgment on the merits and thus has *res judicata* effects." *Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009). That we affirmed in part on jurisdictional grounds does not undermine the judgment's preclusive effect because our *Rooker-Feldman* discussion was limited to Brodsky's section 1983 claims. The district court remained a "court of competent jurisdiction" to decide Brodsky's other claims, *Cho v. Blackberry Ltd.*, 991 F.3d 155,

4

168 (2d Cir. 2021), and she specifically disavows any attempt to relitigate those section 1983 claims now, *see* Appellant's Br. 16.

Second, the parties in the current action either were parties in *Brodsky I* or are in privity with those parties. "Whether there is privity between a party against whom [*res judicata*] is asserted and a party to prior litigation is a functional inquiry in which the formalities of legal relationships provide clues but not solutions." *Chase Manhattan Bank, N.A. v. Celotex Corp.*, 56 F.3d 343, 346 (2d Cir. 1995). While Brodsky has added as a defendant James E. Johnson, the acting New York City Corporation Counsel at the time of filing, Brodsky sued the acting Corporation Counsel in her previous suits. Here, Brodsky does not allege that Johnson had any personal involvement. Even though the current complaint names former City or Board employees not named in *Brodsky I*, those persons were in privity with the Board because Brodsky's allegations relate to conduct taken in their official capacities.

Third, the claims in *Brodsky I* sufficiently relate to the current claims to trigger preclusion. We treat a new claim as precluded if it is based on the same "nucleus of operative fact" as the prior claim. *Interoceanica Corp. v. Sound Pilots, Inc.*, 107 F.3d 86, 90 (2d Cir. 1997) (quoting *Apparel Art Int'l, Inc. v. Amertex Enters. Ltd.*, 48 F.3d 576, 583 (1st Cir. 1995)). The relevant inquiry is whether the incidents are part of the same transaction or a connected series of transactions, applying "a flexible, common-sense construction that recognizes the reality of the situation." *Id.* at 91. All of the claims Brodsky brings here arise from the state proceedings that resulted in her stock being garnished.

In sum, the tax claims comprising Brodsky's 2021 lawsuit are barred by the doctrine of *res judicata* because the claims she asserted were or could have been raised in *Brodsky I*, which was resolved on the merits and involved the same parties or those in privity. The district court correctly dismissed those claims.

## II

The district court also determined that Brodsky's claim alleging fraud on the court under Federal Rule 60(d) was barred not only by *res judicata* but also by the

5

*Rooker-Feldman* doctrine because the claim attacked the underlying state-court judgments. Brodsky now suggests on appeal that the claim may be moot due to the "abrupt departure" of the judge in the state court proceeding, Appellant Br. 23, which purportedly means that "the bulk of Brodsky's allegations of fraud on the court can have no remedial effect nor can they be proven by witnesses or affidavits since no staff remain," *id.* at 2. However, assuming it was previously possible to obtain relief for her fraud-on-the-court claim, we do not see how the resignation of a state court judge would render the claim un-redressable or otherwise moot.

Assuming the claim survives on appeal, we think it is worth noting that the *Rooker-Feldman* doctrine "generally does not affect a federal court's jurisdiction over claims for damages against third parties for alleged misconduct occurring in the course of a state court proceeding, because the adjudication of such claims would not require the federal court to sit in review of the state court judgment." *Hansen v. Miller*, 52 F.4th 96, 100 (2d Cir. 2022) (internal quotation marks omitted). *Rooker-Feldman* does not apply to claims that "speak not to the propriety of the state court judgments, but to the fraudulent course of conduct that defendants pursued in obtaining such judgments." *Sykes v. Mel S. Harris & Assocs., LLC*, 780 F.3d 70, 94-95 (2d Cir. 2015). That is because *Rooker-Feldman* precludes federal jurisdiction over suits challenging state court decisions only "when doing so would 'essentially amount to appeals of state court judgments.'" *Hansen*, 52 F.4th at 100 (quoting *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014)).

In this case, Brodsky sought, among other things, damages for "alleged misconduct occurring in the course of a state court proceeding." Complaint at 24-25, *Brodsky v. N.Y.C. Campaign Fin.*, No. 1:21-CV-05004 (S.D.N.Y. June 7, 2021), ECF. No. 1. We do not believe that *Rooker-Feldman* would bar such a claim. Still, we agree with the district court that her fraud-on-the-court claim is barred by *res judicata* because it could have been raised in prior litigation but was not. *See St. Pierre v. Dyer*, 208 F.3d 394, 399 (2d Cir. 2000) ("Under the doctrine of res judicata … a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.")

(internal quotation marks and alteration omitted). Therefore, we affirm the judgment of the district court on that ground.

### III

Last, Brodsky challenges the district court's decision to dismiss without leave to amend. The denial of leave to amend is typically reviewed for abuse of discretion. *Green v. Mattingly*, 585 F.3d 97, 104 (2d Cir. 2009). As discussed above, all of Brodsky's claims are barred by *res judicata*. She appears to propose amending out a party, but it is unclear how eliminating a defendant from her pleadings would cure the core *res judicata* defect of her complaint. Accordingly, we see no abuse of discretion in the district court's decision to deny leave to amend.

\*       \*       \*

We have considered Brodsky's remaining arguments, which we conclude are without merit. We affirm the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7