Brito v Bethlehem Haulage, LLC (2024 NY Slip Op 05882)

Brito v Bethlehem Haulage, LLC

2024 NY Slip Op 05882

Decided on November 26, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 26, 2024

Before: Manzanet-Daniels, J.P., González, Scarpulla, Shulman, Higgitt, JJ. 

Index No. 159589/18 Appeal No. 3098 Case No. 2023-06559 

[*1]Winnis Brito, Plaintiff-Appellant,
v
Bethlehem Haulage, LLC, et al., Defendants-Respondents, Lourdine Haney, et al., Defendants.

Freidman Sanchez, LLP, Brooklyn (Fabien Robley of counsel), for appellant.
Gordon Rees Scully & Mansukhani, LLP, Harrison (Ryan E. Dempsey of counsel), for respondents.

Order, Supreme Court, New York County (Nicholas W. Moyne, J.), entered December 8, 2023, which, to the extent appealed from, granted the motion of defendants Bethlehem Haulage, LLC and Esquea Alberto for summary judgment dismissing the complaint as against them on grounds that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d), unanimously affirmed, without costs.
Defendants established prima facie that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) by submitting, among other things, affirmed reports of a neurologist and an orthopedist, who found normal ranges of motion in plaintiff's lumbar and cervical spine and left shoulder (see Haniff v Khan, 101 AD3d 643, 643 [1st Dept 2012]). Defendants' experts concluded that the positive findings in plaintiff's lumbar and cervical spine and left shoulder MRIs were degenerative, consistent with wear and tear, and not causally related to the 2018 accident (see Feliz v Fragosa, 85 AD3d 417, 418 [1st Dept 2011]). Contrary to plaintiff's contention, although defendants' experts utilized inconsistent numerical values, they relied on different editions of the AMA Guidelines that set forth different methodologies and different numerical values considered within the normal range of motion. Since defendants' experts both ultimately determined that plaintiff had normal range of motion upon their examinations, any inconsistencies in the numerical values noted are insignificant and do not preclude defendants from meeting their burden on summary judgment (see id.; Anderson v Zapata, 88 AD3d 504, 504 [1st Dept 2011]).
In opposition, plaintiff failed to create an issue of fact. Neither of plaintiff's experts refuted defendants' experts' opinions that plaintiff's lumbar and cervical spine and shoulder injuries were the result of degenerative wear and tear, or that plaintiff's continued complaints were due to his involvement in a subsequent motor vehicle accident (see Tudisco v James, 28 AD3d 536, 537 [2d Dept 2006]). Plaintiff also failed to demonstrate that his injuries constituted a serious injury under any of the threshold categories in Insurance Law § 5102(d), since his experts either failed to opine on causation or to connect their conclusions through objective proof to any limitations or permanent loss of use plaintiff suffered because of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345, 350-351 [2002]; Stevens v Homiak Transp., Inc., 21 AD3d 300, 304 [1st Dept 2005], lv denied 6 NY3d 701 [2005]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 26, 2024