25-596-cv
*Brodsky v. N.Y.C. Campaign Fin. Bd.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of November, two thousand twenty-five.

Present:

> GERARD E. LYNCH,
> WILLIAM J. NARDINI,
> STEVEN J. MENASHI,
> *Circuit Judges*.

_____

MERYL BRODSKY,

> *Plaintiff-Appellant,*

v.                                                                            25-596-cv

THE NEW YORK CITY CAMPAIGN
FINANCE BOARD, MURIEL
GOODE-TRUFANT, NEW YORK CITY
CORPORATION COUNSEL, NEW YORK
CITY SHERIFF, (NONPARTY)

> *Defendants-Appellees,*

HILLARY WEISMAN, JUSTICE EILEEN A.
RAKOWER, LOUISE TOMASSETTI,

> *Defendants.*<sup>*</sup>

---

<sup>*</sup> The Clerk of Court is respectfully directed to amend the caption as set forth above.

1

| For Plaintiff-Appellant: | Meryl Brodsky, *pro se*, New York, NY. |
|---|---|
| For Defendants-Appellees: | Chloé K. Moon, Jeremy W. Shweder, *for* Muriel Goode-Trufant, Corporation Counsel of the City of New York, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Paul A. Engelmayer, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Meryl Brodsky, proceeding *pro se*, appeals from a judgment of the United States District Court for the Southern District of New York (Paul A. Engelmayer, *District Judge*), entered on March 13, 2025, dismissing her amended complaint against the New York City Campaign Finance Board ("the Board") and others as barred by *res judicata*.

This case arises from the Board's clawback of $35,415 in public matching campaign funds that Brodsky received during her unsuccessful 2005 run for a seat on the New York City Council. Brodsky sought to enjoin the Board's collection efforts in state court, but failed. *Brodsky v. N.Y.C. Campaign Fin. Bd.*, No. 118316/2006, 2007 WL 2176918, at *6 (N.Y. Sup. Ct. June 21, 2007), *aff'd,* 57 A.D.3d 449 (1st Dep't 2008). After Brodsky returned $26,010 of the funds and refused to repay the rest, a New York State court directed a garnishee to sell shares of Brodsky's stock holdings to pay the remaining sum. *Matter of Brodsky v. N.Y.C. Campaign Fin. Bd.*, 107 A.D.3d 544, 545–46 (1st Dep't 2013). Brodsky then filed four successive *pro se* suits in federal court over the Board's seizure of her assets. In the first, Brodsky sued the Board and the Corporation Counsel for the City of New York, alleging that the Board had violated her constitutional rights, federal criminal law, various provisions of the Internal Revenue Code (including Section 6103), and state

2

and local law by inflating the amount of money she owed to the Board and obtaining her tax information during the state court proceedings. *Brodsky v. Carter* ("*Brodsky I R&R*"), No. 15-cv-3469, 2015 WL 13746671, at \*5, \*9, \*12 (S.D.N.Y. Dec. 15, 2015), *R&R aff'd sub nom.*, *Brodsky v. New York City Campaign Fin. Bd.*, No. 15-cv-3469, 2016 WL 1258986 (S.D.N.Y. Mar. 28, 2016). The district court dismissed the action as time-barred, as well as for lack of standing and failure to name the proper defendant, and refused to exercise supplemental jurisdiction over Brodsky's state-law claims. *Brodsky*, 2016 WL 1258986, at \*2–3. This Court affirmed pursuant to the *Rooker-Feldman* doctrine and on other grounds, including that Brodsky had failed to "allege[] that any individual . . . unlawfully disclosed her tax returns or return information." *Brodsky v. Carter*, 673 F. App'x 42, 43–44 (2d Cir. 2016) (summary order). Brodsky's two subsequent federal suits were dismissed as barred by *res judicata*, and this Court affirmed the dismissals. *Brodsky v. N.Y.C. Campaign Fin. Bd.*, No. 17-cv-3186, 2018 WL 3910825, at \*2 (S.D.N.Y. Aug. 15, 2018) *aff'd,* 796 F. App'x 1, 6 (2d Cir. 2019) (summary order); *Brodsky v. N.Y.C. Campaign Fin. Bd.*, No. 21-cv-5004, 2022 WL 2819090, at \*6–8 (S.D.N.Y. July 19, 2022) *aff'd,* No. 22-1824-cv, 2023 WL 3162125, at \*2–4 (2d Cir. May 1, 2023) (summary order).[1]

In April 2024, Brodsky commenced this action, her fourth suit in federal court, against the Board and several of its former employees, the New York City Corporation Counsel, and "the New York City Sheriff (Non-Party)."[2] Her amended complaint again alleged that the Defendants

---

[1] In her third federal lawsuit, Brodsky claimed that the Board engaged in a "fraud on the court" by falsifying and mishandling her campaign's finance records before the state courts. *Brodsky*, 2023 WL 3162125, at \*1. Brodsky sought review of the state court's ruling under Rule 60(d) of the Federal Rules of Civil Procedure. *Id.* Because this claim could have been raised in Brodsky's first federal lawsuit but had not been, we said the fraud claim was barred by *res judicata*. *Id.* at \*2–3.

[2] Like the district court, we do not interpret Brodsky's amended complaint as bringing a claim against New York Supreme Court Justice Eileen Rakower, who issued the garnishment order against Brodsky, and we note that any claim would be barred by judicial immunity. *See Brodsky*, 796 F. App'x at 5 n.1.

3

violated Sections 6103 and 7431 of the Internal Revenue Code and sought to raise other related claims, including a reprised claim of fraudulent behavior perpetrated by the Board in the state court proceedings. The district court granted the Defendants' motion to dismiss the amended complaint under Federal Rule of Civil Procedure 12(b)(6), agreeing that Brodsky's claims were barred by *res judicata*. This appeal followed. We assume the parties' familiarity with the case.

"[W]e review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Moreira v. Société Générale, S.A.*, 125 F.4th 371, 387 (2d Cir. 2025).[3] "We review *de novo* a district court's dismissal of a complaint on the ground of *res judicata*." *Soules v. Conn. Dep't of Emergency Servs. & Pub. Prot.*, 882 F.3d 52, 55 (2d Cir. 2018). Because Brodsky "has been *pro se* throughout, h[er] pleadings and other filings are interpreted to raise the strongest claims they suggest." *Sharikov v. Philips Med. Sys. MR, Inc.*, 103 F.4th 159, 166 (2d Cir. 2024).

"*Res judicata* bars re-litigation if (1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Soules*, 882 F.3d at 55. Here, all three requirements are met.

First, as we have twice previously concluded, Brodsky's first federal action was adjudicated on the merits. *Brodsky*, 796 F. App'x at 4; *Brodsky*, 2023 WL 3162125, at *2. A "dismissal for failure to state a claim is a final judgment on the merits" for purposes of *res judicata*. *Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009). In Brodsky's first federal action,

---

[3] Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

the district court dismissed her complaint, including her claims under 26 U.S.C. § 6103, for failure to state a claim. *Brodsky I R&R*, 2015 WL 13746671, at *12–13. We affirmed, agreeing that Brodsky had "not alleged any conduct prohibited by § 6103." *Brodsky*, 673 F. App'x at 44. The fact that "we affirmed in part on jurisdictional grounds d[id] not undermine the judgment's preclusive effect because our *Rooker-Feldman* discussion was limited to Brodsky's section 1983 claims." *Brodsky*, 2023 WL 3162125, at *2.

Second, the parties in the first federal action are the same as or in privity with those in this action. Although the first federal action named both Brodsky and her campaign committee as plaintiffs, whereas here Brodsky is the sole plaintiff, we previously rejected Brodsky's argument that *res judicata* did not apply on that basis. *Brodsky*, 796 F. App'x at 4. In her first federal action, Brodsky named as defendants the Board and the acting Corporation Counsel for the City of New York. Here, Brodsky again names the Board and the Corporation Counsel. She also names "the New York County Sheriff (Non-Party)," as she has done in her prior federal action. Brodsky asserts that she now raises various allegations against former Board employees who were not named in the first action. However, as this Court has explained, "those persons were in privity with the Board because Brodsky's allegations relate to conduct taken in their official capacities." *Brodsky*, 2023 WL 3162125, at *2.

Third, the claims raised in this action were or could have been raised in Brodsky's first federal action. "Whether or not the first judgment will have preclusive effect depends in part on whether the same transaction or connected series of transactions is at issue, whether the same evidence is needed to support both claims, and whether the facts essential to the second were present in the first." *Monahan v. New York City Dep't of Corr.,* 214 F.3d 275, 289 (2d Cir. 2000). Here, this action and all prior federal claims arise out of the same series of events, namely the

5

Board's seizure of Brodsky's personal assets to repay the outstanding balance of the matched public funds extended to Brodsky's campaign. Moreover, in the first federal action, the district court and this Court agreed that Brodsky failed to state a claim under 26 U.S.C. § 6103. *Brodsky I R&R*, 2015 WL 13746671, at *12; *Brodsky*, 673 F. App'x at 44. This Court later found that Brodsky could have raised a claim under 26 U.S.C. § 7431 in the first action, and thereafter she was barred from doing so. *Brodsky*, 796 F. App'x at *5–6. Brodsky cannot continue to assert the same claims based on the same underlying events.

Finally, given that this is Brodsky's fourth appeal raising similar claims arising out of the same underlying facts, we warn Brodsky that the continued filing of duplicative, vexatious, or clearly meritless appeals, motions, or other papers could result in the imposition of a sanction that would require her to obtain permission prior to filing any further submissions in this Court (a "leave-to-file" sanction). *See In re Martin-Trigona*, 9 F.3d 226, 229 (2d Cir. 1993).

We have considered all of Brodsky's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk