MARY KILMER et al., Respondents-Appellants, v BEATA J. STREK, Appellant-Respondent. [827 NYS2d 808]—

Appeal and cross appeal from an order of the Supreme Court, Erie County (John P. Lane, J.), entered February 15, 2006 in a personal injury action. The order denied in part defendant's motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the motion in its entirety and dismissing the complaint and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action to recover damages for injuries sustained by Mary Kilmer (plaintiff) when the vehicle she was driving was struck from behind by a vehicle driven by defendant. Defendant moved for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury as defined in Insurance Law § 5102 (d). Supreme Court properly granted the motion with respect to the significant limitation of use, permanent consequential limitation of use and 90/180 categories of serious injury. The court erred, however, in denying the motion with respect to the sole remaining category, i.e., significant disfigurement, and we therefore modify the order accordingly. Plaintiffs' allegation of serious injury under the significant disfigurement category is based upon a surgical scar resulting from surgery to repair

cervical disc herniation allegedly caused by the accident (*see generally Judd v Walton*, 259 AD2d 1016, 1017 [1999]). Defendant met her burden on the motion by presenting evidence establishing that plaintiff's alleged injury preexisted the accident, the accident did not aggravate that injury and surgery was necessitated by the preexisting condition (*see Caldwell v Grant* [appeal No. 2], 31 AD3d 1154, 1155 [2006]; *Clark v Perry*, 21 AD3d 1373, 1374 [2005]). The opinion of plaintiffs' expert that 10% of the need for surgery is attributable to the accident and 90% to plaintiff's preexisting condition has no objective medical basis and is therefore insufficient to raise an issue of fact (*see Carter v Full Serv., Inc.*, 29 AD3d 342, 344 [2006], *lv denied* 7 NY3d 709 [2006]; *Montgomery v Pena*, 19 AD3d 288, 290 [2005]). Because plaintiffs failed to meet their burden on the issue whether the need for surgery was causally related to the accident (*see Baez v Rahamatali*, 6 NY3d 868, 869 [2006]), they necessarily also failed to meet their burden on the issue whether the resulting surgical scar was causally related to the accident. Present—Martoche, J.P., Smith, Centra and Green, JJ.