■ GLADYS MADERA, Appellant, v HEIDI A. GRESSEY et al., Respondents, et al., Defendant. [922 NYS2d 81]—

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered December 29, 2009, which granted the motion of defendant David Perez, and the cross motions of defendants Juan Cerda and Heidi Gressey, for summary judgment dismissing plaintiff's complaint based on the failure to establish a serious injury under Insurance Law § 5102, unanimously affirmed, without costs.

Defendants established their entitlement to judgment as a matter of law. Defendants submitted, inter alia, the affirmed reports of a neurologist, a radiologist and an orthopedist, who, based upon examinations of plaintiff and her medical records, all concluded that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

In opposition, plaintiff failed to raise a triable issue of fact. There was no objective medical proof of injury to the lumbar spine and right shoulder. Notwithstanding the arguably positive MRI report for the cervical spine, there were no objective findings to demonstrate any initial range-of-motion restrictions on plaintiff's cervical and lumbar spine or her shoulder, or any explanation for their omission (*see Thompson v Abbasi*, 15 AD3d 95, 98 [2005]). Plaintiff provided conflicting explanations for the four-year cessation of treatment.

Plaintiff's serious injury claim based on an alleged inability to engage in substantially all her daily activities for 90 of the first

180 days post-accident was refuted by her own testimony and bill of particulars. Plaintiff testified that she was only confined to bed for four days, and her bill of particulars alleged "several days" of confinement (see *Williams v Baldor Specialty Foods, Inc.*, 70 AD3d 522 [2010]). Plaintiff further testified that she was thereafter capable of doing all of her "things." Concur— Andrias, J.P., Sweeny, Catterson, Renwick and Manzanet-Daniels, JJ.