■ LORRAINE GRAVES, Respondent, v L&N CAR SERVICE et al., Appellants. [931 NYS2d 550]—

This is an action seeking damages for "serious injury" within the meaning of Insurance Law § 5102 (d) allegedly resulting from a motor vehicle accident. In support of their motion for summary judgment, defendants submitted affirmations of a radiologist, Dr. Jessica Berkowitz, attesting that she examined MRIs of plaintiff's cervical spine, lumbar spine and right shoulder, and found no evidence of a causal relationship between plaintiff's injuries and the subject accident. Rather, for reasons Dr. Berkowitz explained with particularity in her affirmations, the injuries appeared to result from chronic and degenerative conditions and were not the type of injuries that are caused by trauma. The radiology reports submitted by plaintiff, by contrast, said nothing about the etiology of the injuries, and the report of plaintiff's chiropractor contained only a conclusory assertion that there was a causal connection between the injuries and the accident. On this record, defendants established a prima facie case for dismissal of the complaint insofar as it was based on an alleged permanent, consequential and significant serious injury, and plaintiff failed to meet her burden to come forward with competent medical evidence specifically refuting the claimed lack of causal connection to the accident (see *Pommells v Perez*, 4 NY3d 566, 579-580 [2005]; *Charley v Goss*, 54 AD3d 569, 571-572 [2008], *affd* 12 NY3d 750 [2009]). Moreover, plaintiff's admissions in her bill of particulars and deposition testimony that she missed only three weeks of work as a result of the accident established as a matter of law that she did not suffer a serious injury within the meaning of the 90/180-day prong of Insurance Law § 5102 (d). Accordingly, defendants' summary judgment motion should have been granted. Concur—Andrias, J.P., Saxe, Friedman and Richter, JJ.

Moskowitz, J., dissents in part in a memorandum as follows: I agree with the majority that plaintiff has not raised an issue of fact with respect to her 90/180-day claim. However, I disagree with the dismissal of the complaint under the permanent, consequential and significant limitation categories of serious injury under Insurance Law § 5102 (d).

While defendants' experts concluded that plaintiff had normal range of motion in her shoulder and cervical and lumbar spine, plaintiff raised an issue of fact through the affidavit of her chiropractor, Dr. Rosenfeld, who first examined plaintiff a week after the accident and again in October 2009. Specifically, Dr. Rosenfeld opined that plaintiff did not have normal range of motion and had "sustained a permanent disability as a result of the bulging and herniated discs in her cervical spine and lumbar spine." He concluded that "based upon this patient[']s history, treatment, physical examination, range of motion testing, and review of the MRI and EMG test results," these injuries "are the direct result of the automobile accident of July 23, 2007."

Moreover, Dr. Shapiro, a radiologist, attested to MRI studies (upon which Dr. Rosenfeld relied) that revealed, inter alia, "focal disc bulge at C4-5[,] right paracentral herniation at C5-6," "right foraminal herniation at L3-4, [and] loss of signal and central herniation at L4-5 with extension of disc into the neural foramen bilaterally." Accordingly, this case involves contested issues of fact inappropriate for summary adjudication (*see De La Cruz v Hernandez*, 84 AD3d 652 [2011]; *see also Linton v Nawaz*, 62 AD3d 434, 440-441 [2009], *affd* 14 NY3d 821 [2010]).