*581 Defendants made a prima facie showing of their entitlement to judgment as a matter of law, and plaintiffs failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
With respect to plaintiff Thomas, defendants submitted evidence showing that Thomas’s left knee injuries preexisted the subject accident, were degenerative in nature, and could not be attributed to the accident (see Pines v Lopez, 88 AD3d 545, 545 [1st Dept 2011]). Although Thomas’s treating physician found a limitation in the range of motion of her left knee seven years after the accident, he failed to explain why Thomas had full range of motion in her left knee shortly after the accident. Accordingly, the physician’s report failed to raise an issue of fact as to Thomas’s claims of serious injury to the left knee (see Jno-Baptiste v Buckley, 82 AD3d 578, 578-579 [1st Dept 2011]), including her claim that the accident aggravated a preexisting injury to the knee (see also Suarez v Abe, 4 AD3d 288 [1st Dept 2004]). Further, an orthopedic surgeon found that Thomas had full range of motion in her cervical spine (Mitrotti v Elia, 91 AD3d 449, 449-450 [1st Dept 2012]), and there was no positive MRI report or other objective medical proof of injury to the spine (see Madera v Gressey, 84 AD3d 460, 460 [1st Dept 2011]).
With regard to plaintiff Berkeley, defendants submitted evidence showing that Berkeley’s claimed right ankle injuries preexisted the accident, and that she had normal ranges of motion in the spine and knees. Although Berkeley’s treating physician found minor limitations in the range of motion of her cervical and lumbar spines, Berkeley failed to submit any objective medical proof of these injuries, or of injury to her right ankle (see Madera, 84 AD3d at 460). Further, her physician found that she had not sustained any injury to the left knee, and that she had full range of motion in the right knee a few months after the accident. That her physician found limitations in the range of motion of her right knee seven years after the accident is insufficient to raise an issue of fact, since he failed to explain the loss in range of motion (see Jno-Baptiste, 82 AD3d at 578-579).
*582 Defendants met their burden of showing that neither plaintiff sustained a serious injury to the head by submitting Thomas’s testimony that no objective tests were performed on her head and that she was never treated for head injuries, and by submitting Berkeley’s testimony that a doctor had never advised her that she had sustained a concussion. In light of plaintiffs’ testimony, defendants were not obligated to present medical evidence on the issue, and plaintiffs failed to raise a triable issue of fact in opposition.
Plaintiffs’ 90/180-day claims were properly dismissed, since Thomas testified that she had returned to work on “limited light duty” within two weeks of the accident, and Berkeley testified that she had returned to work approximately 75 days after the accident (see Martin v Portexit Corp., 98 AD3d 63, 68 [1st Dept 2012]; see also Byong Yol Yi v Canela, 70 AD3d 584, 585 [1st Dept 2010]). Concur — Friedman, J.P., Moskowitz, Freedman, Richter and Abdus-Salaam, JJ.