■ CARLOS J. CRUZ et al., Appellants, v G. MARTINEZ, JR., Respondents. [965 NYS2d 94]—

Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered on or about April 11, 2012, which granted defendants' motion for summary judgment dismissing the complaint based on the failure to establish a serious injury pursuant to Insurance Law § 5102 (d), unanimously affirmed, without costs.

Plaintiffs Cruz and Peralta, and Peralta's then 13-year-old son, Peter Clark, allege that they suffered serious injuries in a motor vehicle accident that occurred in December 2008. Cruz alleged permanent injury to his neck and back, Peralta alleged permanent injury to her lower back, and Clark alleged various injuries, including anxiety disorder and facial lacerations.

Defendants made a prima facie showing that plaintiffs Cruz and Peralta did not suffer any serious injury. Defendants submitted the affirmed report of their orthopedist, who found full range of motion in all planes of the affected body parts (*see Mitrotti v Elia*, 91 AD3d 449, 449-450 [1st Dept 2012]), and of their radiologist, who opined that the conditions shown in the MRIs taken of Cruz's lumbar and cervical spine and Peralta's lumbar spine were "chronic and degenerative" in origin and that there was no evidence of acute traumatic injury (*Graves v L&N Car Serv.*, 87 AD3d 878, 879 [1st Dept 2011]). The orthopedist also opined that the lower back injuries Peralta sustained in a prior motor vehicle accident would explain the findings of the X ray and MRI taken after the subject accident (*see Mitrotti*, 91 AD3d at 450). As to all three plaintiffs, defendants contended that they had failed to explain their complete cessation of treatment less than six months after the accident (*Pommells v Perez*, 4 NY3d 566, 574 [2005]).

In opposition, plaintiffs failed to raise a triable issue of fact. Plaintiffs' radiologist observed disc desiccation in the MRIs of Cruz and Peralta, which supports the findings of defendants'

radiologist that their injuries were chronic and degenerative. In these circumstances, their treating physician's conclusory opinion that there was a causal connection between the injuries and the subject accident, was insufficient to raise an issue of fact (see Graves, 87 AD3d at 879). Further, none of the plaintiffs adequately explained their gap or cessation of treatment. Plaintiff Cruz testified at his deposition that he had no reason for stopping treatment, but then submitted an affidavit asserting that he stopped when his no-fault benefits expired, which was insufficient to raise a bona fide issue (see Gogos v Modell's Sporting Goods, Inc., 87 AD3d 248, 253 [1st Dept 2011]). Plaintiff Peralta's claim, asserted for the first time in her affidavit opposing summary judgment, that she stopped receiving treatment for her alleged injuries when her no-fault benefits ended, was inadequate in light of her testimony that she had health insurance through her employment except for a nine-month period (see Merrick v Lopez-Garcia, 100 AD3d 456, 457 [1st Dept 2012]).

With respect to Clark, defendants met their prima facie burden by submitting their orthopedist's affirmation finding no limitations in range of motion of the lower back, and Clark's deposition testimony that he received no stitches for his lacerations and received no medical treatment for any of his claimed injuries after completing six months of physical therapy. In opposition, plaintiffs provided no objective medical evidence of injury or limitations, and Clark's subjective descriptions of facial lacerations were insufficient to meet the statutory threshold (see Toure v Avis Rent A Car Sys., 98 NY2d 345, 350 [2002]). Even if an anxiety disorder could constitute a "serious injury" within the meaning of the Insurance Law, the affidavit of Benjamin Hirsch, Ph.D., who evaluated Clark once, did not raise an issue of fact. Indeed, Hirsch, who did not set forth his expert credentials, noted that he did not perform any objective neuropsychological tests, since Clark did not describe any symptoms of neuropsychological distress (id.). Lastly, Clark never made any allegation of scarring or significant disfigurement in the bill of particulars (see Torres v Dwyer, 84 AD3d 626, 626 [1st Dept 2011]), and he did not present sufficient evidence to support this claim.

We have considered plaintiffs' remaining contentions and find them unavailing. Concur—Friedman, J.P., Richter, Feinman, Gische and Clark, JJ.