■ FELICIA KOMINA, Appellant, v RAMON DEJESUS GIL et al., Respondents. [968 NYS2d 457]—

Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered March 12, 2012, which granted defendants' motions for summary judgment dismissing the complaint based on plaintiff's failure to demonstrate that she suffered any serious injury pursuant to Insurance Law § 5102 (d), unanimously affirmed, without costs.

Defendants made a prima facie showing that plaintiff did not suffer a serious injury to her lumbar or cervical spine. Defendants submitted, among other things, the affirmed report of an orthopedist who opined that plaintiff had no deficits in range of motion in her lumbar or cervical spine, and the affirmed report of a radiologist who opined that the MRI films of plaintiff's lumbar and cervical spine showed no herniated or bulging discs or any other evidence of traumatic injury (*see Mitrotti v Elia*, 91 AD3d 449, 449-450 [1st Dept 2012]; *Graves v L&N Car Serv.*, 87 AD3d 878, 879 [1st Dept 2011]).

In opposition, although plaintiff's treating chiropractor found limitations in the range of motion of her cervical and lumbar spines, plaintiff failed to submit any objective medical proof of these injuries (*see Thomas v City of New York*, 99 AD3d 580, 581 [1st Dept 2012]). Furthermore, plaintiff's chiropractor made no attempt to explain the conflicting findings of the tests he performed during plaintiff's physical examination and the MRI reports of plaintiff's radiologist, which found normal lumbar and cervical spine images with no evidence of disc bulging or

herniation, and defendants are thus entitled to summary judgment on this basis (*Jno-Baptiste v Buckley*, 82 AD3d 578 [1st Dept 2011], citing *Pou v E&S Wholesale Meats, Inc.*, 68 AD3d 446, 447 [1st Dept 2009]).

Defendants also established prima facie that plaintiff did not suffer a 90/180-day injury by submitting plaintiff's deposition testimony that she was confined to home for only one week and that she resumed her collegiate studies by taking three courses when the fall semester began in September 2009, less than two months after the accident (*see Mitrotti*, 91 AD3d at 450). Although plaintiff offered proof that her chiropractor directed her not to return to work within the 90 days following the accident, in light of the lack of restrictions imposed upon her returning to school, plaintiff failed to raise an issue of fact as to whether her claimed injuries prevented her from "performing substantially all of the material acts which constitute[d] [her] usual and customary daily activities" (Insurance Law § 5102 [d]; *see Merrick v Lopez-Garcia*, 100 AD3d 456, 457 [1st Dept 2012]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Andrias, J.P., Friedman, Sweeny, Saxe and Richter, JJ.