*560 Order, Supreme Court, New York County (George J. Silver, J.), entered April 9, 2012, which, to the extent appealed from as limited by the briefs, granted the motions of defendants Metropolitan Life Insurance Company and Elizabeth Cartwright for summary judgment dismissing the complaint in its entirety on the ground that plaintiff failed to establish a serious injury under the “permanent consequential” or “significant” limitation of use categories of Insurance Law § 5102 (d), unanimously affirmed, without costs.
Defendants met their prima facie burden of showing that plaintiff did not suffer a serious injury causally related to the subject motor vehicle accident, by submitting, among other things, the affirmed report of their radiologist, who opined that the conditions shown in the MRIs taken of plaintiffs lumbar and thoracic spine were chronic and degenerative in origin and that there was no evidence of acute traumatic injury (see Cruz v Martinez, 106 AD3d 482, 482 [1st Dept 2013]). Defendants’ neurologist also opined, based on his examination of plaintiff and review of her medical records, that plaintiff had preexisting lumbar and cervical spine symptomology and that there was no evidence of any significant injuries resulting from the subject accident. Moreover, defendants submitted plaintiffs medical records, which demonstrated that plaintiff, who was 52 and described as morbidly obese, was receiving physical therapy for chronic lower back pain prior to the accident.
In opposition, plaintiff failed to raise a triable issue of fact. Plaintiff’s radiologist observed degenerative changes and her treating physician did not review any records of plaintiffs prior medical treatment, although her own record of plaintiffs initial examination showed that plaintiff complained of chronic lower back pain since 1999. In these circumstances, the treating physician’s conclusory opinion that there was a causal connection between the injuries and the subject accident was insufficient to raise an issue of fact (see Cruz, 106 AD3d at 482; Pommells v Perez, 4 NY3d 566, 574-575 [2005]).
We need not consider plaintiffs claim in her appellate brief that she sustained a serious injury to her left knee, as she did not allege such injury in her bill of particulars (see Marte v New York City Tr. Auth., 59 AD3d 398 [2d Dept 2009]). Concur— Mazzarelli, J.P., Acosta, Moskowitz, Manzanet-Daniels and Gische, JJ.