■ SOPHIA FIGUEROA, Appellant, v GILBERT ORTIZ, Respondent. [4 NYS3d 172]—

Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered September 9, 2013, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendant established entitlement to judgment as a matter of law in this action where plaintiff alleges that, as a result of a motor vehicle accident, she suffered serious injuries to her spine, right shoulder and right hip. Regarding the "permanent consequential" and "significant" limitations-in-use categories of Insurance Law § 5102 (d), defendant demonstrated that plaintiff did not suffer a serious injury causally related to the accident. Defendant submitted, inter alia, the affirmed report of an orthopedic surgeon, who found normal range of motion in all parts, and a radiologist, who opined that the conditions

shown in the MRI taken of plaintiff's cervical spine were degenerative and preexisted the accident (*see Cruz v Martinez,* 106 AD3d 482 [1st Dept 2013]).

In opposition, plaintiff failed to raise a triable issue of fact. Although her doctor measured limitations in range of motion of all parts, plaintiff offered no objective medical evidence of injury to her right hip, and her doctor's narrative report acknowledged that the reports of MRIs performed on her lumbar spine, thoracic spine and right shoulder were all normal (*see Thomas v City of New York,* 99 AD3d 580 [1st Dept 2012]). Her radiologist's affirmed report of the MRI performed on her cervical spine confirmed the presence of dessication in the affected discs, and her doctor failed to address those findings or explain why the degenerative findings were not the cause of the claimed injuries (*see Dawkins v Cartwright,* 111 AD3d 559 [1st Dept 2013]; *Gorden v Tibulcio,* 50 AD3d 460, 464 [1st Dept 2008]).

Dismissal of plaintiff's 90/180-day claim was appropriate in light of plaintiff's testimony that she was able to leave home two months after the accident, and where her doctor cleared her to return to work less than 90 days after the accident even though she chose not to return to work (*see Galarza v J.N. Eaglet Publ. Group, Inc.,* 117 AD3d 488 [1st Dept 2014]; *Merrick v Lopez-Garcia,* 100 AD3d 456, 457 [1st Dept 2012]). Concur—Gonzalez, P.J., Acosta, Saxe, Manzanet-Daniels and Clark, JJ.