■ Rosa Matos, Appellant, v Ramon Urena et al., Respondents. [10 NYS3d 6]—

Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered January 10, 2014, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing the complaint based on the failure to establish a serious injury within the meaning of Insurance Law § 5102 (d), unanimously reversed, on the law, without costs, and the motion denied.

Defendants made a prima facie showing of entitlement to judgment as a matter of law by showing that plaintiff did not sustain a serious injury to her cervical and lumbar spine by submitting the affirmed reports of an orthopedic surgeon and a

radiologist who both reviewed plaintiff's MRI films and concluded that her spinal conditions were preexisting and degenerative in nature, and not causally related to the accident (*see Paduani v Rodriguez*, 101 AD3d 470, 470 [1st Dept 2012]).

In opposition, however, plaintiff raised an issue of fact regarding whether the 2009 accident aggravated preexisting conditions by submitting an affirmed report from her expert, an orthopedic surgeon, who compared MRI reports taken before and immediately after the 2009 accident. There is no dispute that plaintiff presently has orthopedic injury to her cervical and lumbosacral spine or that she required surgery in 2011. Although plaintiff's expert found that plaintiff had some residual injuries from an earlier 2002 accident, he concluded that additional bulges and herniations, not previously present, were causally related to the later accident. He also based his conclusion that the 2009 accident caused aggravated injuries to her spine on the fact that plaintiff underwent surgery following the 2009 accident and the absence of any indication that surgery was necessary beforehand (*see Sutliff v Qadar*, 122 AD3d 452 [1st Dept 2014]). Accordingly, defendants' motion for summary judgment should have been denied. Concur— Acosta, J.P., Saxe, Richter, Gische and Kapnick, JJ.