■ Jose Garcia, Appellant, et al., Plaintiff, v Eugene B. Feigelson, Respondent. [13 NYS3d 417]—

Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered October 24, 2013, which, to the extent appealed from as limited by the briefs, granted defendant's motion for summary judgment dismissing plaintiff Garcia's claims of serious injuries to his right shoulder, cervical spine, and lumbar spine under the significant or permanent consequential limitation of use categories of Insurance Law § 5102 (d), unanimously affirmed, without costs.

Defendant made a prima facie showing that plaintiff's claimed injuries to his spine and shoulder were not causally related to a 2009 motor vehicle accident. Defendant submitted, among other things, the report of a radiologist who opined that plaintiff's 2009 MRIs showed degenerative disc changes and tendinosis, and that the conditions were unchanged from those shown in MRIs taken following a prior 2006 motor vehicle accident. Based on his review and comparison of the MRI films, defendant's radiologist opined that there was no radiological evidence of any injury caused or exacerbated by the 2009 accident (*see Mitrotti v Elia*, 91 AD3d 449, 450 [1st Dept 2012]; *see also Chaston v Doucoure*, 125 AD3d 500, 501 [1st Dept 2015]).

In opposition, plaintiff failed to raise an issue of fact as to whether any of his claimed injuries were caused by the accident. Plaintiff submitted the affirmed report of his orthopedic surgeon, who examined him one year after the 2009 accident and performed a lumbar spine diskectomy and arthroscopic surgery on the right shoulder. While the surgeon noted that plaintiff had been treated in 2006 for claims of neck, back and shoulder injuries, he did not review the 2006 MRI films or reports (*see Dawkins v Cartwright*, 111 AD3d 559, 560 [1st Dept 2013]). His conclusory statement that plaintiff's preexisting conditions were aggravated by the 2009 accident is insufficient to raise an issue of fact, since he failed to offer any basis for his conclusion, or the extent of any exacerbation (*Farmer v Ventkate Inc.*, 117 AD3d 562, 562 [1st Dept 2014]; *Brand v Evangelista*, 103 AD3d 539, 540 [1st Dept 2013]). He also failed to rule out the preexisting conditions as the cause of plaintiff's need for surgery and his current limitations (*Farmer*, 117 AD3d at 562). Plaintiff's submission of unaffirmed reports of his 2009 MRIs does not assist him since, even if they could be considered (*see Malupa v Oppong*, 106 AD3d 538, 539 [1st Dept 2013]), they do not address causation or compare the results of the 2006 MRIs. Concur—Mazzarelli, J.P., Sweeny, Saxe, Richter and Manzanet-Daniels, JJ.