■ ADAM BALDUCCI, Appellant, v DIOGENES CARRASCO et al., Respondents. [21 NYS3d 616]—

Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered September 3, 2014, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing the claims of serious injury to the lumbar spine and a 90/180-day injury under Insurance Law § 5102 (d), unanimously modified, on the law, to deny the motion as to the claims of "permanent consequential" and "significant" limitations in the use of the lumbar spine, and otherwise affirmed, without costs.

Whether or not defendants met their prima facie burden, in opposition, plaintiff raised a triable issue of fact. Among other things, he submitted an affirmed report by a physician who, upon examination not long after the accident and recently, found limitations in range of motion and positive results on straight leg raising tests (*see Osborne v Diaz*, 104 AD3d 486, 487 [1st Dept 2013]). In sum, plaintiff's evidence is sufficient to raise a triable issue of fact with respect to his lumbar spine injury (*see Bonilla v Abdullah*, 90 AD3d 466 [1st Dept 2011], *lv dismissed* 19 NY3d 885 [2012]).

Defendants satisfied their burden with respect to the claim of a 90/180-day injury by relying on plaintiff's own admissions showing that he was not prevented from completing substantially all of the acts making up his usual and customary daily activities (*see Komina v Gil*, 107 AD3d 596 [1st Dept 2013]). Plaintiff admitted that he only missed about two weeks of work and was in bed for approximately 10 non-consecutive days. In opposition, plaintiff failed to present medical evidence sufficient to raise an issue of fact as to this claimed injury. Concur—Friedman, J.P., Acosta, Andrias and Richter, JJ.