JULIO WESTERBAND, Respondent, v NEIL E. BUITRASO et al., Appellants. [44 NYS3d 435]—

Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered February 10, 2016, which denied defendants' motion for summary judgment dismissing the complaint on the threshold issue of serious injury within the meaning of Insurance Law § 5102 (d), unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.

Defendants established prima facie that plaintiff did not sustain a serious injury by submitting the affirmed report of a

radiologist who reviewed a CT scan of plaintiff's lumbar spine taken after the accident and concluded that it revealed preexisting and degenerative conditions not causally related to the accident (*see Matos v Urena*, 128 AD3d 435 [1st Dept 2015]). Defendants also relied on plaintiff's testimony admitting his long-term history of degenerative lumbar spine conditions for which he had previously had surgery, and submitted the report of an orthopedic surgeon who, after examining plaintiff and reviewing his extensive medical records, opined that plaintiff's lumbar conditions were degenerative and unrelated to the accident. Contrary to the motion court's reasoning, the radiologist was not required to personally examine plaintiff in order to render an opinion concerning the CT scans (*see Henchy v VAS Express Corp.*, 115 AD3d 478 [1st Dept 2014]), and defendants were able to meet their prima facie burden by showing a lack of causal connection between the injuries and the accident without addressing the issue of limitations in use of the lumbar spine (*see Spencer v Golden Eagle, Inc.*, 82 AD3d 589 [1st Dept 2011]).

In opposition, plaintiff failed to raise an issue of fact. He submitted the operative reports prepared by the surgeons who performed disc replacement surgery after the accident, which identified his diagnosis as chronic degenerative disc disease. His neurologist's conclusory opinion that his preexisting lumbar conditions were aggravated by the subject motor vehicle accident is insufficient to raise an issue of fact, since the neurologist failed to rule out the preexisting conditions demonstrated in plaintiff's own medical records as the cause of the lumbar conditions, and provided no objective medical basis for determining that those conditions were in any way caused by the accident (*see Alvarez v NYLL Mgt. Ltd.*, 120 AD3d 1043 [1st Dept 2014], *affd* 24 NY3d 1191 [2015]; *Farmer v Ventkate Inc.*, 117 AD3d 562 [1st Dept 2014]; *Brand v Evangelista*, 103 AD3d 539, 540 [1st Dept 2013]). Concur—Andrias, J.P., Moskowitz, Kapnick, Webber and Kahn, JJ.