17-1353-cv
*Wirt, et al. v. United States, et. al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of May, two thousand eighteen.

Present:
> AMALYA L. KEARSE,
> GUIDO CALABRESI,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges*,

LAURA A. WIRT, LAURA K. RODRIGUEZ,

> *Plaintiffs-Appellants*,

v.                                    17-1353-cv

UNITED STATES OF AMERICA, NEW YORK CITY TRANSIT AUTHORITY, ANGEL LOPEZ,*

> *Defendants-Appellees*,

| | |
|---|---|
| For Plaintiffs-Appellants: | LESTER B. HERZOG, Brooklyn, NY. |
| For Defendant-Appellee United States of America: | KATHLEEN A. MAHONEY, Assistant United States Attorney (Varuni Nelson, Assistant United States Attorney, *on the brief*), *for* Bridget M. Rohde, Acting United States |

---

* The Clerk is directed to conform the official caption to the caption on this order.

1

Attorney, Eastern District of New York, Brooklyn, NY.

For Defendants-Appellees New York City Transit Authority and Angel Lopez

TIMOTHY J. O'SHAUGHNESSY (Lawrence Heisler, *on the brief*), New York City Transit Authority, Brooklyn, NY.

Appeal from a May 1, 2017 judgment of the United States District Court for the Eastern District of New York (Chen, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-Appellants Laura Wirt and Laura Rodriguez appeal from a May 1, 2017 judgment of the United States District Court for the Eastern District of New York (Chen, *J.*). The district court granted summary judgment to Defendants-Appellees United States of America, New York City Transit Authority ("NYCTA") in this tort litigation brought under New York law and alleging serious injuries sustained in connection with an April 2008 collision between a United States General Services Administration vehicle and an NYCTA bus. We review *de novo* a district court's grant of summary judgment, resolving all ambiguities and inferences in favor of the nonmoving party. *See, e.g.*, *Jackson v. Fed. Exp.*, 766 F.3d 189, 192 (2d Cir. 2014). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## 1. Background

On April 23, 2008, Angel Lopez was driving an NYCTA bus in Brooklyn, New York, when he abruptly braked. A sedan owned by the GSA and driven by Horace Mancie crashed into the back of the stopped bus. Two years later, Laura Wirt and Laura Rodriguez commenced this

action, alleging that they were passengers in the bus at the time and seeking non-economic damages for injuries purportedly caused by the crash.[1]

The district court granted summary judgment to the defendants. It concluded first that Wirt and Rodriguez could only recover if they could establish that they suffered "serious injuries" under the Comprehensive Motor Vehicle Insurance Reparations Act, N.Y. Ins. L. § 5101 *et seq.*, commonly known as the "No-Fault Law." Neither could meet this burden, the court held, because neither came forward with sufficient evidence to raise a material question of fact as to whether the April 2008 accident was the cause of their injuries. The court entered judgment for the defendants in May 2017, and Wirt and Rodriguez filed a timely notice of appeal.

## 2. Analysis

The Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, waives the United States' sovereign immunity for tort claims alleging personal injury, death, or injury to or loss of property caused by a federal employee's negligent conduct "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the [negligent] act or omission occurred." 28 U.S.C. § 2672. New York's No-Fault Law dictates that "in any action by or on behalf of a covered person against another covered person . . . there shall be no right of recovery for non-economic loss, except in the case of a serious injury, or for basic economic loss." N.Y. Ins. L. § 5104(a). The term "covered persons" includes anyone "entitled to first party benefits," § 5102(j), which are defined as "payments to reimburse a person for basic economic loss on account of personal injury arising out of the use or operation of a motor vehicle," § 5102(b).

---

[1] The complaint explicitly disclaims any claims for "hospital, medical, pharmaceutical or any other monetary or pecuniary damages." Appellant App'x at 68, 77–78.

3

"[A] personal injury which results in . . . significant disfigurement . . . or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment" counts as a "serious injury." § 5102(d). New York law requires that plaintiffs provide "objective proof of . . . [serious] injury," *Toure v. Avis Rent A Car Systems, Inc.*, 98 N.Y.2d 345, 350 (2002), and demonstrate that the accident at issue was the cause of the injury. *See Pommells v. Perez*, 4 N.Y.3d 566, 572 (2005). If a defendant moves for summary judgment on the grounds that an accident did not cause the serious injuries in question, that defendant must supply "persuasive evidence" that the injuries were caused by something else. *Id.* at 580; *Cross v. Labombard*, 127 A.D.3d 1355, 1356 (3d Dep't 2015) (requiring "adequate medical evidence"). If the defendant can do so, the burden shifts to the plaintiff, who must "come forward with evidence addressing defendant's claimed lack of causation." *Pommells*, 4 N.Y.3d at 580.

On appeal, Wirt and Rodriguez first contend that the United States is not a "covered person" under the No-Fault Law, so that they can recover as against the United States even if they cannot establish "serious injuries."[2] Second, they argue, even if the United States constitutes a "covered person," there is a triable issue of fact as to whether they suffered "serious injuries." We disagree with Wirt and Rodriguez on both points.

As the district court explained, we held in *United States v. Government Employees Insurance Company* that the United States is entitled to "first party benefits," which means that the United States is a "covered person" for purposes of the statute. 605 F.2d 669, 671 (2d Cir.

---

[2] It is undisputed that the NYCTA is a "covered person" under the No-Fault Law.

1979); *see also Patrello v. United States*, 757 F. Supp. 216, 220 (S.D.N.Y. 1991) (holding that "the United States is a covered person under" the No-Fault Law); *Canfield v. Beach*, 305 A.D.2d 440, 441 (2d Dep't 2003) (same). Wirt and Rodriguez, who are entitled to first party benefits, are also "covered persons" under the No-Fault Law. Accordingly, Wirt and Rodriguez may not recover from the United States or the other parties unless they can establish a triable issue of fact as to whether they suffered "serious injuries," and whether the accident at issue caused those injuries. *See* N.Y. Ins. L. § 5104(a). Neither can do so.

Wirt argues that she suffered two "serious injuries":

1. she could not "perform[] substantially all of the material acts which constitute[d] [her] usual and customary daily activities," N.Y. Ins. L. § 5102(d), for more than ninety days while she was confined to a hospital or a rehabilitation facility following the accident, and

2. she sustained "significant disfigurement," *id.*, because she had to undergo an operation following the accident, which left her with post-surgical scarring.

There is no question that, at some point after the crash, Wirt had serious injuries that necessitated surgery and prolonged hospital attention. But the United States has argued that her preexisting conditions, and not the crash, were the true cause of her "serious injuries." *See Kilmer v. Strek*, 35 A.D.3d 1282, 1282–83 (4th Dep't 2006) (holding that a defendant should have been granted summary judgment after "presenting evidence establishing that plaintiff's alleged injury preexisted the accident, the accident did not aggravate that injury and surgery was necessitated by the preexisting condition"). It presented evidence that between 2004 and the crash, Wirt had been hospitalized several times for afflictions affecting her back, neck, shoulders, and extremities, and she had been referred for neurosurgery consultations to remedy her severe back and neck pain,

which resulted from deterioration in her spinal cord, on at least two occasions. The record also contains a letter from Dr. Devon Klein, an expert radiologist who reviewed Wirt's MRI images from before and after the crash. Dr. Klein concluded that Wirt's post–April 2008 medical problems "are the result of chronic degenerative disc disease" that predated the accident "and not the result of a traumatic injury." Appellant App'x 127. The United States thus met its burden of production because it produced "persuasive evidence" that the accident did not cause Wirt's injuries.

Wirt, by contrast, failed to come forward with sufficient evidence to raise a material issue of fact as to this "claimed lack of causation." *Pommells*, 4 N.Y.3d at 580. She first attacks the credibility and admissibility of Dr. Klein's letter, but she failed to raise these arguments below and has therefore forfeited them. *See Lugo v. Hudson*, 785 F.3d 852, 855 (2d Cir. 2015) ("Because this issue is raised for the first time on appeal, we need not consider it."). Wirt then argues in her reply brief that Dr. Irving Friedman concluded after examining her several times that the accident caused her injuries. But she did not make this argument in her opening brief, so she has forfeited this argument as well. *McCarthy v. SEC*, 406 F.3d 179, 186 (2d Cir. 2005) (holding that "arguments not raised in an appellant's opening brief, but only in [her] reply brief, are not properly before an appellate court even when the same arguments were raised in the trial court"). Wirt has thus failed to rebut the United States' "persuasive evidence" and summary judgment was thus properly granted as to her claims.

We also agree with the district court that Rodriguez failed to establish a triable issue of fact as to her claims. To start, it is not entirely clear what "serious injuries" she incurred after the accident. She claims to have suffered pain in her neck, back, and extremities, but "transitory pain does not fall within the objective verbal definition of serious injury as contemplated by the No-Fault Insurance Law," *Scheer v. Koubek*, 70 N.Y.2d 678, 679 (1987), and it is undisputed that

6

Rodriguez went without medical treatment or physical therapy for neck or back pain for five years in the post-accident period.

Rodriguez was also examined by Dr. Friedman, who concluded in 2015 that she had a 33% range of motion deficit at the cervical spine and suffered from daily cervical and lumbar spasms. Assuming *arguendo* that these symptoms meet the "serious injuries" standard, however, we conclude that she still failed to establish a triable question of fact as to cause. Although Rodriguez went to the hospital immediately after the crash, she was discharged only one hour after arriving; the doctors found that she enjoyed full range of motion and neurological function. Two months later, she denied having any radiating pain, and a medical report noted that she was not suffering from spasms, restrictions of spinal motion, or any objective neurologic deficits. Rodriguez underwent a few months of physical therapy in 2008, but as already noted, she did not seek any medical treatment for neck or back pain for five years after the physical therapy ended. When she sought medical care in 2009 for pregnancy, she did not report any medical problems, and a 2012 doctor's report said she had no impairments stemming from the April 2008 accident. Thus, Rodriguez also failed to raise a material issue of fact as to cause.

\*       \*       \*

We have considered Wirt and Rodriguez's remaining arguments, including their contention that partial summary judgment should have been granted in their favor, and find them to be without merit, and we therefore conclude that the Defendants-Appellees were properly granted summary judgment as to Plaintiffs-Appellants' claims. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7