Lazzari v Qualcon Constr., LLC (2018 NY Slip Op 04082)





Lazzari v Qualcon Constr., LLC


2018 NY Slip Op 04082


Decided on June 7, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 7, 2018

Manzanet-Daniels, J.P., Tom, Andrias, Kapnick, Singh, JJ.


6795 305450/11

[*1]Paul Lazzari, Plaintiff-Respondent,
v
Qualcon Construction, LLC, et al., Defendants-Appellants.


Wilson, Elser, Moskowitz, Edelman & Dicker LLP, New York (Patrick J. Lawless of counsel), for appellants.
Law Offices of Michelle S. Russo, P.C., Port Washington (Michelle S. Russo of counsel), for respondent.



Order, Supreme Court, Bronx County (Robert T. Johnson, J.), entered on or about May 16, 2017, which denied defendants' motion for summary judgment dismissing the complaint alleging that plaintiff sustained serious injury within the meaning of Insurance Law § 5102(d), unanimously affirmed, without costs.
Plaintiff alleges he sustained serious injuries to his lumbar spine as the result of an accident in which his vehicle struck the bucket of a parked excavator/backhoe that was protruding into the roadway. The excavator was leased to defendant Qualcon, who was performing work for defendant Consolidated Edison.
Initially, we agree with defendants that the serious injury threshold applies because the action is between "covered persons" (Insurance Law §§ 5104[a], 5102[j]). Defendants' excavator does not fall under the "self-propelled caterpillar or crawler-type equipment while being operated on the contract site" exclusion to the term "motor vehicle" (Vehicle and Traffic Law § 311[2]). While it is a "self-propelled caterpillar or crawler-type equipment" (see Masotto v City of New York, 38 Misc 3d 1226[A] n 5 [Sup Ct, Kings County 2013]), it was being operated on a "public highway," adjacent to and encroaching into the road on which plaintiff was driving (see Vehicle and Traffic Law §§ 125, 134). In addition, the accident arose out of the "use or operation" of the excavator, as the excavator was the "instrumentality" that produced plaintiff's injuries (see Cividanes v City of New York, 95 AD3d 1 [1st Dept 2012], affd 20 NY3d 925 [2012]; Walton v Lumbermens Mut. Cas. Co., 88 NY2d 211 [1996]). The fact that it was not being operated and was unattended at the time of the accident does not preclude application of the statute, as it was only temporarily parked during ongoing construction work (see Trentini v Metropolitan Prop. & Cas. Ins. Co., 2 AD3d 957 [3d Dept 2003], lv dismissed 2 NY3d 823 [2004]; cf. Wooster v Soriano, 167 AD2d 233 [1st Dept 1990]).
With respect to the seriousness of plaintiff's injuries, the court properly found that defendants met their prima facie burden of demonstrating that plaintiff did not suffer a serious injury to his lumbar spine causally related to the accident. Defendants submitted the affirmed reports of a neurosurgeon and radiologist who both opined that the MRI and other radiological studies revealed existence of severe chronic degenerative disease and absence of a traumatic injury (see Cruz v Martinez, 106 AD3d 482, 482 [1st Dept 2013]; Graves v L & N Car Serv., 87 AD3d 878, 879 [1st Dept 2011]). Defendants also relied on plaintiff's testimony and medical records admitting his long-term history of degenerative lumbar spine conditions (see Westerband v Buitraso, 146 AD3d 486 [1st Dept 2017]).
In opposition, plaintiff raised triable issues of fact sufficient to defeat summary judgment through the affirmation of his neurosurgeon. Contrary to defendants' contention, a certificate of conformity (see CPLR 2309[c]) was not required since the physician is licensed to practice in New York and signed the affirmation in New York. The neurosurgeon acknowledged plaintiff's [*2]documented history of lower back problems, and explained that the accident aggravated plaintiff's preexisting conditions, causing new post-accident symptoms of bilateral weakness, urinary dysfunction and spinal instability that were not previously present and required emergency surgery. He concluded that the accident caused "significant deterioration." His findings, based on his review of the pre- and post-accident medical records, and his treatment of plaintiff, adequately ruled out the prior degenerative changes as the cause of the injuries (see Matos v Urena, 128 AD3d 435, 435-436 [1st Dept 2015]). The neurosurgeon raised an issue of fact as to the existence of an injury involving "significant" limitation of use, which required surgical intervention (see Perdomo v City of New York, 129 AD3d 585 [1st Dept 2015]; Thomas v NYLL Mgt. Ltd., 110 AD3d 613, 614 [1st Dept 2013]). Plaintiff addressed his cessation of treatment after the surgery, and his neurosurgeon provided a qualitative assessment of plaintiff's continuing limitations in use of his lumbar spine during his recent examination of plaintiff (see Toure v Avis Rent A Car Sys., 98 NY2d 345, 353 [2002]).
The neurosurgeon's certification that plaintiff was disabled and unable to work for more than 90 days following the accident raised an issue of fact as to existence of a 90/180-day injury
(see Coley v DeLarosa, 105 AD3d 527, 529 [1st Dept 2013]; Fuentes v Sanchez, 91 AD3d 418, 420 [1st Dept 2012]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 7, 2018
CLERK