Roger v Soos (2019 NY Slip Op 06266)





Roger v Soos


2019 NY Slip Op 06266


Decided on August 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., DEJOSEPH, CURRAN, AND WINSLOW, JJ.


497 CA 18-02147

[*1]JENNIFER D. ROGER, PLAINTIFF-RESPONDENT,
v
MICHELLE SOOS, ET AL., DEFENDANTS, AND JEFFREY S. AHRNDT, DEFENDANT-APPELLANT. 






BURGIO, CURVIN & BANKER, BUFFALO (JAMES P. BURGIO OF COUNSEL), FOR DEFENDANT-APPELLANT.
ANDREWS, BERNSTEIN, MARANTO & NICOTRA, PLLC, BUFFALO (ANDREW J. CONNELLY OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), entered October 19, 2018. The order, insofar as appealed from, denied in part the motion of defendant Jeffrey S. Ahrndt for summary judgment dismissing plaintiff's amended complaint against him. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is granted in its entirety, and the amended complaint against defendant Jeffrey S. Ahrndt is dismissed.
Memorandum: Plaintiff commenced this action seeking damages for injuries she allegedly sustained in two separate motor vehicle accidents. In the second accident, plaintiff's vehicle was rear-ended by a vehicle operated by Jeffrey S. Ahrndt (defendant). Plaintiff alleged that, as a result of the accidents, she sustained injuries to, inter alia, her cervical and lumbar spine under the significant disfigurement, 90/180-day, permanent consequential limitation of use, and significant limitation of use categories of serious injury as defined in Insurance Law § 5102 (d). Defendant moved for summary judgment dismissing the amended complaint against him on the ground that plaintiff did not, as a result of the second accident, sustain a serious injury under any of those categories. Defendant now appeals from an order insofar as it denied the motion with respect to the permanent consequential limitation of use, significant limitation of use, and significant disfigurement categories, and we reverse the order insofar as appealed from.
Defendant met his initial burden of establishing "that plaintiff did not have any serious injury following the second accident that arose from aggravation or exacerbation of her preexisting injuries and/or conditions" (Boroszko v Zylinski, 140 AD3d 1742, 1745 [4th Dept 2016]; see Garcia v Feigelson, 130 AD3d 498, 499 [1st Dept 2015]; Kwitek v Seier, 105 AD3d 1419, 1420 [4th Dept 2013]; Kilmer v Streck, 35 AD3d 1282, 1282-1284 [4th Dept 2006]). Specifically, defendant submitted plaintiff's medical records from before and after the second accident and affirmations from two experts. Both experts, after comparing pre-accident and post-accident magnetic resonance imaging (MRI) films, concluded that there was no change to plaintiff's lumbar and cervical spine and no showing of an acute injury. One of defendant's experts opined that all of the findings regarding the MRI films were compatible with only degenerative disc disease and that there was no evidence of posttraumatic injury attributable to the second accident. Additionally, the medical records submitted by defendant included a report from plaintiff's own expert in which plaintiff's expert determined that there was no change in plaintiff's MRI films after the second accident.
Although in that report plaintiff's expert also concluded that the second accident exacerbated plaintiff's symptoms and resulted in a decreased cervical range of motion, that [*2]conclusion was "based upon plaintiff's subjective complaints of pain and [is] unsupported by objective medical proof" (Stowell v Safee, 251 AD2d 1026, 1026 [4th Dept 1998]). Thus, defendant's submission of the report of plaintiff's expert did not raise issues of fact precluding summary judgment (see generally id.).
We further conclude that plaintiff failed to raise a triable issue of fact sufficient to defeat summary judgment (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). In opposition, plaintiff submitted the affirmation of her expert and certain medical records and referenced the MRI of her cervical spine that was taken eight months after the second accident, which showed a new disc herniation at C6-7 on her right side and a progression of the previous C6-7 herniation. Plaintiff's expert, however, failed to explain how those changes were caused by the second accident, rather than by the ongoing degenerative process (see Pommells v Perez, 4 NY3d 566, 574 [2005]) and, as noted, his conclusion that the second accident exacerbated plaintiff's injuries did not raise a triable issue of fact because it was unsupported by objective medical evidence (see Stowell, 251 AD2d at 1026). "[W]ith persuasive evidence that plaintiff's alleged pain and injuries were related to a preexisting condition, plaintiff had the burden to come forward with evidence addressing defendant's claimed lack of causation," and, here, plaintiff failed to meet that burden (Carrasco v Mendez, 4 NY3d 566, 580 [2005]).
Entered: August 22, 2019
Mark W. Bennett
Clerk of the Court